IN THE UNITED STATES DISTRICT FOR
THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| JEROME SCHMIDT | § | |
| --- | --- | --- |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | No. __18-cv-00088__ |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant | § | |
| | § | |

# ORIGINAL COMPLAINT

Plaintiff Jerome Richard Schmidt brings this complaint under the Federal Tort Claims Act, 28 U.S.C. § 2674 against the United States of America and would respectfully show the following.

## PARTIES

**1.1.** This case arises out of the conduct of a United States Navy employee on October 13, 2015, after he failed to yield the right of way to Plaintiff, causing a head-on car wreck and injuries to Plaintiff.

**1.2.** Plaintiff Jerome Schmidt resides in Austin, Texas, within the jurisdiction of this Court.

**1.3.** Defendant is the United States of America.

## JURISDICTION, VENUE, & SERVICE

2.1. This Federal District Court has jurisdiction because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671-2680, commonly known as the Federal Tort Claims Act.

2.2. Venue is proper in this district pursuant to 28 U.S.C. § 3191(e)(1) because the United States is a defendant and Plaintiff resides in this district and no real property is involved in the action. Additionally, venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District.

2.3. The United States of America may be served with process in accordance with Rule 4(1) of the Federal Rules of Civil Procedure. Service is affected by serving a copy of the Summons and Complaint on the United States Attorney John F. Bash, United States Attorney for the Western District of Texas by certified mail, return receipt requested at his office:

>United States Attorney's Office
>ATTN: Civil Process Clerk
>601 NW Loop 410, Suite 600
>San Antonio, Texas 78216

2.4. Service is also affected by serving a copy of the Summons and Complaint on Jeff Sessions, Attorney General of the United States, by certified mail, return receipt requested at:

>The Attorney General's Office
>ATTN: Civil Process Clerk
>950 Pennsylvania Avenue, NW
>Washington, DC 20530-0001

## LIABILITY OF THE UNITED STATES

**3.1.** This case is commenced and prosecuted against the United States of America to and in compliance with Title 28 U.S.C. §§ 2671-80, the Federal Tort Claims Act. Liability of the United States is predicated specifically on 28 U.S.C. § 2674 because the personal injuries and resulting damages of which the complaint is made were proximately caused by the negligence, wrongful acts or omissions of employees or agents of the United States of America working for the United States Department of the Navy, while acting within the scope of their office, employment, or agency under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual.

**3.2.** The United States Department of the Navy is an agency of the United States of America. The Defendant, United States of America, through its agency, the United States Department of the Navy, at all times material to this action, was the employer of Edward R. Saylor. Mr. Saylor was, in October 2015, an active duty member of the United States Marine Corps. At all times material to this action, USMC Saylor was an agent, servant, or employee of the United States of America acting within the course and scope of his employment.

## JURISDICTIONAL PREREQUISITES

**4.1.** Pursuant to 28 U.S.C. §§ 2672 and 2675(a), the claims set forth here were filed with and presented administratively to the United States Department of the Navy on August 14, 2017. Pursuant to 28 C.F.R. § 14.2(c) and 32 C.F.R.

§ 536.29(c), Plaintiff filed an amended claim on October 2, 2017, amending the "sum certain" to $8,000,000.

4.2. On December 13, 2017, the Department of the Navy finally denied Plaintiff's claim in writing. This lawsuit was filed within six (6) months of the final denial of Plaintiff's claims. Accordingly, Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this suit.

## FACTS

5.1. United States Navy Marine, Edward R. Saylor, was driving southbound on South Lamar Blvd, in Austin, TX, on October 13, 2015 at approximately 2:30 pm. He was acting within the course and scope of his employment with the United States Department of the Navy.

5.2. He was driving a silver Dodge Express van owned by the United States, through its agency, the General Services Administration. On information and belief, he was on active duty generally and on duty specifically. He was on Navy business, accomplishing a purpose in the Navy's substantial interest, and following orders.

5.3. At around 2:32pm, Saylor was at the 2700 block of S. Lamar, at the intersection of Lamar & Manchaca:



5.4. Saylor attempted to turn left onto Manchaca from southbound Lamar. He did not have a protected, green left arrow signal when he turned. When he turned onto Manchaca, he failed to yield to oncoming traffic and collided head-on into a maroon Toyota 4Runner heading north on Lamar.

5.5. The Toyota had a green light going northbound on Lamar and was driven by Plaintiff Jerome Schmidt. At the time of the collision, Dr. Schmidt was wearing his lap and shoulder seat belt. Saylor's airbag did not deploy; Dr. Schmidt's airbag deployed.

5.6. Dr. Schmidt's Toyota had the right of way in the intersection.

5.7. Both Dr. Schmidt's car and Mr. Saylor's car were towed from the scene after police and ambulance arrived. Dr. Schmidt's car was totaled:



5.8. Both Mr. Saylor and Dr. Schmidt called 9-1-1 to inform local authorities of this wreck. In his 9-1-1 call, Mr. Saylor informed dispatch that he was driving a Government vehicle, specifically a "silver Dodge cargo van." Upon information and belief, at the time of the wreck, Mr. Saylor was carrying cargo for the United States or, alternatively, driving to pick up cargo for the United States. His call ended as a local police officer arrived on the scene.

5.9. Officer Abel Garza of the Austin Police Department arrived as well to conduct an investigation. Officer Garza cited Saylor with the failure to yield at a left turn. He concluded that a contributing factor to the collision was Saylor's

inattention. Saylor violated Texas Transportation Code § 544.007(b) and § 545.152 when he failed to yield the right of way to Dr. Schmidt's car. Dr. Schmidt was not cited for violation of any law.

5.10. As a direct and proximate result of Defendant's negligence, Dr. Schmidt was seriously and permanently injured.

5.11. Unbeknownst to Dr. Schmidt at the time, he suffered a closed head traumatic brain injury during the head-on collision. Because swelling in the brain takes time to develop, the concussive injury manifested itself shortly after the events of October 13, 2015. As a result, Dr. Schmidt did not lose consciousness and did not think he needed emergency services at the time of the car wreck.

5.12. Since this collision, he has suffered ongoing problems with short-term memory loss, the inability to concentrate, and confusion. His memory problems include difficulty with word retrieval, remembering people's names, and misplacing items. Neuropsychological testing revealed that Dr. Schmidt has delayed visual design memory and word reading speed. He has problems with complex visual construction, fine motor dexterity in his left side, visual memory issues, short-term and long-term verbal memory problems. His treating neuropsychologist, Dr. Wayne Dees, and psychologist, Dr. Amy Duckwall, diagnosed him with Mild Neurocognitive Disorder caused by the closed-head injury in October of 2015.

5.13. Since October 2015, Dr. Schmidt has had difficulty performing the daily functions of his job. Formerly, he was a licensed psychologist in private practice. According to his treating doctor, Dr. Dees, his problems with long-term

memory, delayed verbal memory, immediate verbal memory, verbal recognition memory, overall short-term memory, overall verbal and visual memory, verbal learning capacity, verbal cognitive flexibility, and processing speed interfere with his daily functioning and ability to sustain his psychology practice. Dr. Schmidt had to close his psychology practice. His treating physicians believe that this was his only ethically responsible choice, given his assessed and reported deficits.

5.14. Dr. Schmidt's cognitive issues have also caused him to withdraw socially. He has anxiety and depression that are exacerbated by the head trauma and his inability adjusting to his cognitive deficits.

5.15. The head-on collision on October 13, 2015 also caused Dr. Schmidt pain in his low back, which radiated down his left leg. Dr. Schmidt tried various conservative therapies to address this issue, including physical therapy, multiple steroid injections, nonsteroidal anti-inflammatories, chiropractic manipulation, narcotic analgesics, acupuncture, bed rest, and exercise.

5.16. Imaging of Dr. Schmidt's lumbar spine revealed scoliosis with narrowing of small openings in the spine called the foramina at L2-2, L3-4, and L4-5. At the lowest level, L4-5, the imaging showed soft disc herniation, which was the most likely cause of his symptoms. To address these problems, in August 2016, Dr. Schmidt underwent a laminectomy (removal of portions of the lamina) at L2-3, L3-4, and L4-5 with a left-sided facetectomy (removal of the facet compression) at L4-5. While Dr. Schmidt recovered from this operation, he remains at likely risk for future degeneration in this area, particularly has he ages, and will need

preventative and maintenance therapies and modalities, including physical therapy, pain management, and injections.

**5.17.** Dr. Schmidt's injuries are in all likelihood permanent.

## CAUSE OF ACTION

**6.1.** Through its employees, agents, or servants, the Defendant, United States of America, was negligent in one or more of the following respects:

- 6.1.1. Negligent per se for failing to yield to traffic with the right-of-way in violation of Texas Transportation Code § 544.007(b) and § 545.152;
- 6.1.2. Negligent for failing to maintain a safe and proper lookout for other vehicles;
- 6.1.3. Negligent for failing to maintain a proper lookout for traffic signals;
- 6.1.4. Negligent for entering a busy intersection into oncoming traffic;
- 6.1.5. Negligent for failing to maintain proper and safe speed of his vehicle;
- 6.1.6. Negligent for failing to maintain proper and safe control of his vehicle; and
- 6.1.7. Negligent for failing to yield the proper right-of-way to oncoming traffic.

**6.2.** At all times material to this action, the employees, agents, or representatives of the United States of America were negligent and caused the injuries sustained by Plaintiff.

## DAMAGES

**7.1.** As a proximate and direct result of the Defendant's negligent acts or omissions, Plaintiff suffered injuries, which would not have occurred otherwise. Dr. Jerome Schmidt pleads for all damages available under Texas state law, federal law, and equity, including:

7.1.1. Past and future physical pain and suffering;

7.1.2. Past and future mental anguish;

7.1.3. Past and future suffering, humiliation, and emotional distress;

7.1.4. Past and future physical impairment and disability;

7.1.5. Past and future physical disfigurement;

7.1.6. Past and future loss of income and impairment of earning capacity;

7.1.7. Past and future reasonable charges necessary for medical care, nursing care, hospital, rehabilitation services, physical therapy, custodial care, health care, supplies, attendant care, expenses, and other health services;

7.1.8. Pat and future reasonable and necessary expenses incurred for substitute domestic services; and

7.1.9. Out-of-pocket expenses.

**7.2.** Plaintiff Dr. Jerome Schmidt pleads for all other damages, pecuniary or otherwise, arising out of law or equity, that he may be justly and equitably entitled to, in the wisdom of the Court.

## PRAYER

Plaintiffs request that Defendant be cited in terms of law to appear and answer this Complaint; that upon final trial, the Plaintiffs have judgment against Defendant, for the amount of actual damages and for other and different amounts as they shall show by proper amendment before trial; for post-judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other relief, at law and in equity, both general and special, to which Plaintiffs may show themselves entitled to and to which the Court believes them deserving.

Respectfully Submitted,

/s/ Jamal Alsaffar
JAMAL K. ALSAFFAR
jalsaffar@nationaltriallaw.com
Texas State Bar #24027193
TOM JACOB
tjacob@nationaltriallaw.com
Texas State Bar #24069981
Whitehurst, Harkness, Brees, Cheng, Alsaffar, Higginbotham, & Jacob PLLC
7500 Rialto Blvd, Bldg Two, Ste 250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)

HENRY MOORE
henry@moorelegal.net
Texas State Bar #14341500
Law Offices of Henry Moore
1101 E. 11th St.
Austin, Texas 78702-1908
(512) 477-1663 (o)
(512) 476-6212 (f)

Attorneys for the Plaintiff