IN THE UNITED STATES DISTRICT FOR
THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEROME SCHMIDT | § § | |
| Plaintiff | § § | |
| vs. | § § | No. 1:18-cv-00088-LY |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant | § § § | |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), Plaintiff moves for partial summary judgment against the United States on liability in this motor-vehicle accident case based on the deposition testimony of Defendant driver, admissions of the United States in pleadings, and its responses to discovery.

## ADMITTED BACKGROUND FACTS

United States Navy employee, Edward R. Saylor, was driving southbound on South Lamar Blvd, in Austin, TX, on October 13, 2015 at about 2:30pm.[1] Saylor was acting within the course and scope of his employment with the United States Department of Navy.[2] At

---

[1] ECF Doc. #1, Plaintiff's Original Complaint, at ¶ 5.1; ECF Doc. #8, Defendant's Answer, at ¶ 11 (admitting allegations in ¶ 5.1).

[2] *Id.*; The United States admitted that the Department of Navy is an agency. ECF Doc. #1, at ¶ 3.2; ECF Doc. #8, at ¶ 9.

around 2:32pm, Saylor was at the 2700 block of South Lamar, at the intersection of Lamar and Manchaca.[3]

Saylor was in the left turn lane, to turn onto Manchaca.[4] His left-turn arrow was yellow, and blinking.[5] Saylor slowed down, but did not come to a full stop, and turned left into the intersection.[6] He hit Plaintiff, Dr. Jerome Schmidt, head-on.[7]

After a collision between Mr. Saylor's vehicle and Dr. Schmidt's vehicle, both individuals called 9-1-1 to inform local authorities of the wreck.[8] Both vehicles were towed from the scene after police arrived; Dr. Schmidt's vehicle was totaled.[9] The Austin Police Department cited Defendant's employee, Saylor, with the failure to yield at a left turn.[10] The police officer's opinion was that Saylor's inattention was a contributing factor; Plaintiff was not cited for any violation of law.[11]

---

[3] ECF Doc. #1, Plaintiff's Complaint, at ¶ 5.3; ECF Doc. #8, Defendant's Answer, at ¶ 13 (admission).

[4] Exhibit 1, Deposition of Edward Saylor, at 39:13–17.

[5] Exhibit 1, Deposition of Edward Saylor, at 40:12–25.

[6] Exhibit 1, Deposition of Edward Saylor, at 49:5–19.

[7] *Id.*

[8] ECF Doc. #1, Plaintiff's Complaint, at ¶ 5.8; ECF Doc. #8, Defendant's Answer, at ¶ 18.

[9] ECF Doc. #1, Plaintiff's Complaint, at ¶ 5.7; ECF Doc. #8, Defendant's Answer, at ¶ 17.

[10] ECF Doc. #1, Plaintiff's Complaint, at ¶ 5.9; ECF Doc. #8, Defendant's Answer, at ¶ 19.

[11] *Id.*

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "Where, as here, the movant is seeking summary judgment on a claim as to which it bears the burden of proof, it must lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim."[13]

Because this is a Federal Tort Claims Act case, the United States is liable in accordance with the law of the place where the act or omission occurred.[14] Under Texas law, "the term 'negligence' means the doing of that which a person of ordinary prudence would not have done under the same or similar circumstances, or the failure to do that which a person of ordinary prudence would have done under the same or similar circumstances."[15]

The United States may also be liable under the doctrine of negligence per se. Under this doctrine, the defendant is responsible for the injury caused by a violation of a statute:

> In such a case the jury is not asked to judge whether or not the defendant acted as a reasonably prudent person would have acted under the same or similar circumstances; the statute itself states what a reasonably prudent person would have done. If excuse is not raised (and it is not in this case),

---

[12] Fed. R. Civ. P. 56(a).

[13] *Hotel 71 Mezz Lender LLC v. Nat'l Retirement Fund*, 778 F.3d 593, 601 (7th Cir. 2015).

[14] *Castro v. United States*, 608 F.3d 266, 271 (5th Cir. 2010).

[15] *Great Atl. & Pac. Tea Co. v. Evans*, 175 S.W.2d 249, 250-41 (Tex. 1943).

the only inquiry for the jury is whether or not the defendant violated the statute and, if so, whether this was a proximate cause of the accident.[16]

In this case, the Texas Transportation Code §§ 544.007(b) and 545.152 require that drivers yield the right-of-way to other vehicles lawfully in an intersection.

## ARGUMENT

There is no genuine dispute on the issue of liability. The Government employee who drove the vehicle conceded he had a duty to yield:

> Q. And under the – well, rules of the road for transportation in Texas, when it's a blinking left yellow that means that you have to yield to oncoming traffic that you see. Right?
>
> A. Yes, sir.
>
> Q. And if there's oncoming traffic, that you're not allowed to enter the intersection until that intersection is cleared of oncoming traffic. Correct?
>
> A. That's correct, sir.
>
> …
>
> Q. And that you as a driver are – have a duty to keep a proper lookout for other vehicles at all times when you're driving the vehicle?
>
> A. Yes.[17]

---

[16] *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex. 1979).

[17] Exhibit 1, Deposition of Edward Saylor, at 41:1–10, 46:15–18; *see also* pg. 47:2–10.

4

Saylor was cited by the Austin Police for failure to yield with driver inattention as a contributing factor for the collision.[18] Mr. Saylor agreed with the citation for the failure to yield.[19] And Mr. Saylor agreed that, as far as he knew, Dr. Schmidt was not doing anything wrong by entering the intersection.[20]

The United States has no excuse or justification for this breach of its duty. Plaintiff sent three requests for admissions on this issue, which the United States admitted without objection:

> 28. The car wreck that is the basis of this lawsuit is not caused by any condition or defect in the vehicle driven by Edward Saylor.
>
> **Response:** Admit
>
> 29. The car wreck that is the basis of this lawsuit is not caused by any condition or defect in the roadway or surroundings (structures, vegetation, signage, etc.).
>
> **Response:** Admit
>
> 30. No sudden emergency, unavoidable accident, or "act of God" caused or contributed to Jerome Schmidt's injuries that are the basis of this lawsuit.
>
> **Response:** Admit[21]

Mr. Saylor also admitted that he was the cause of the accident and he had no excuse:

> Q. And that you – that you were the cause of the accident. Correct?
>
> A. Yes, sir.

---

[18] ECF Doc. #1, Plaintiff's Complaint, at ¶ 5.9; ECF Doc. #8, Defendant's Answer, at ¶ 19; *see also* Exhibit 2, Austin Police Department Crash Report, NTL-002193-98, at 2195.

[19] Exhibit 1, Deposition of Edward Saylor, at 29:3–15; 44:14–18.

[20] Exhibit 1, Deposition of Edward Saylor, at 47:18–23.

[21] Exhibit 3, United States Reponses to Request for Admissions, at 7–8.

Q. You've said that under oath several times [today], that you were the cause of this accident. Correct?

A. Yes, sir.

Q. There wasn't any sudden emergency. Correct?

A. No, sir. ...

Q. What do you think you could have done to avoid the accident?

A. I mean, obviously, I should have, you know, taken more caution and made sure it was a hundred percent clear before – before entering the intersection.

Q. And would you agree that whether it was rain, sun, shine, sleet, whatever the weather conditions that at the moment that this accident occurred, that it was still your responsibility to make sure that the intersection was clear, no one else's, before you entered it?

A. Yes, sir.[22]

## CONCLUSION

The United States of America, through its employee, breached the duty it owed Dr. Schmidt. Mr. Saylor was negligent per se in violating Texas Transportation Code §§ 544.007(b) and 545.152 for failing to yield when entering an intersection. A person of ordinary prudence would have yielded to Dr. Schmidt's car before entering the intersection on October 13, 2015. Because the Government's employee did not yield, Plaintiff respectfully asks the Court to enter partial summary judgment on the issue of liability against the United States of America.

---

[22] Exhibit 1, Deposition of Edward Saylor, 84:2–85:10.

Respectfully Submitted,

/s/ Jamal Alsaffar
JAMAL K. ALSAFFAR
jalsaffar@nationaltriallaw.com
Texas State Bar #24027193
TOM JACOB
tjacob@nationaltriallaw.com
Texas State Bar #24069981
Whitehurst, Harkness, Brees, Cheng,
Alsaffar, Higginbotham, & Jacob PLLC
7500 Rialto Blvd, Bldg Two, Ste 250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)

HENRY MOORE
henry@moorelegal.net
Texas State Bar #14341500
Law Offices of Henry Moore
1101 E. 11th St.
Austin, Texas 78702-1908
(512) 477-1663 (o)
(512) 476-6212 (f)

Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

By my signature above, I certify that a copy of this pleading has been sent to the following on August 28, 2018 via the Court's CM/ECF notice system.

JAMES F. GILLIGAN
jim.gilligan@usdoj.gov
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216-5597
Tel. (210) 384-7345
Fax (210) 384-7312
