IN THE UNITED STATES DISTRICT FOR
THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEROME SCHMIDT | § § § | |
| Plaintiff | § § | |
| vs. | § § | No. 1:18-cv-00088-LY |
| UNITED STATES OF AMERICA, | § § | |
| Defendant | § § § | |

**PLAINTIFF'S REPLY TO
DEFENDANT'S RESPONSE TO PLAINTIFF'S
AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT**

The Court should grant the Amended Motion for Partial Summary Judgment on the issue of liability because the Government's response rests on an unavoidable accident defense, which the Government admitted away in deposition and in response to Plaintiff's Request for Admissions. The Government's admissions are conclusive evidence on this issue.

## ARGUMENT

The United States argues the car wreck in this case was an unavoidable accident.[1] Yet, the United States never plead unavoidable accident as an affirmative defense.[2] And the Government's employee's final testimony on the matter undermines the Government's defense entirely:

> Q. **What do you think you could have done to avoid the accident?**
>
> A. **I mean, obviously, I should have, you know, taken more caution** and made sure that it was a hundred percent clear before entering the intersection.
>
> Q. And would you agree that whether it was rain, **sun, shine**, sleet, whatever the weather conditions that at the moment that this accident occurred, that it was still your responsibility to make sure that the intersection was clear, no one else's before you entered?
>
> A. **Yes, sir.**[3]

The United States examined Mr. Saylor once more but did not rehabilitate this point nor could it.

Defendant also ignored key facts in its response that are germane to the Court's factual review and credibility assessment of the Government's claimed defense. In his deposition, Mr. Saylor confirmed that there was nothing unusual about the sun that day

---

[1] *E.g.*, *Fulton v. Shaw*, 321 F.2d 545, 546–47 (5th Cir. 1963) (holding that there was no evidence of unavoidable accident); *Lofland v. Jackson*, 237 S.W.2d 785, 790 (Tex. App.—Amarillo 1950, writ ref'd n.r.e.) (unavoidable accident where car blinded by sun hit darkly dressed pedestrian walking in a shadow).

[2] Fed. R. Civ. P. 8(c); *see also Lofland*, 237 S.W.2d at 790 (unavoidable accident pled).

[3] ECF Doc. #17-1 at 84:22–85:10 (Deposition of Edward Saylor, emphasis added).

other than it was a bright sunny Texas day.[4] Despite the Government's contention of blinding light, Mr. Saylor conceded under oath that the sun did not obscure his ability to see the yellow blinking light in front of him.[5] Nor did it prevent him from seeing the clear green light in front of him at the intersection and direction in which Dr. Schmidt was approaching him.[6] Mr. Saylor also acknowledged that at the scene of the accident when the events were freshest in his mind, he only characterized the sun as "slightly obscuring" his visibility.[7] Moreover, Mr. Saylor admitted that despite knowing it was a clear sunny day, he took no action that a reasonably prudent driver would do in the same or similar circumstances. Namely, he did not wear sunglasses or even use his protective shade/sun visor in the car to help with any visibility issue.[8] These factual admissions override the United States' theoretical defense of unavoidable accident and do not rise to the level of genuine issue of material fact as to liability.

What's more, the United States admitted their unavoidable accident defense away in response to Request for Admission:

> 30. No sudden emergency, unavoidable accident, or "act of God" caused or contributed to Jerome Schmidt's injuries that are the basis of this lawsuit.
>
> **Response:** Admit.[9]

---

[4] Exhibit 1, Deposition of Edward Saylor, at 41:11–23.

[5] Exhibit 1, Deposition of Edward Saylor, at 40:16–25.

[6] Exhibit 1, Deposition of Edward Saylor, at 39:18–25 and 40:8–11.

[7] Exhibit 1, Deposition of Edward Saylor, at 45:21–46:9.

[8] Exhibit 1, Deposition of Edward Saylor, at 53:2–11.

[9] ECF Doc. #17-3 at 7–8 (United States' Response to Request for Admissions).

The United States responded to this request *without objection or qualification*. And the United States responded to this request after it had an opportunity to discuss the facts with its employee, Saylor.

After Plaintiff filed the instant motion, the United States emailed Plaintiff's a copy of what it purported was a "supplemental and amended" response to Plaintiff's Request for Admissions. But as the Defendant knows, under Federal Rule of Civil Procedure 36(b), "[a] matter admitted under this rule is conclusively established unless the court, **on motion**, permits the admission to be withdrawn or amended."[10] Neither can the Court "permit withdrawal or amendment of the admission unless failure to do so would cause 'manifest injustice.'"[11] The United States has filed no motion to amend or withdraw. And where a party has made no motion, the Court is required to give the admission conclusive effect.[12]

But even if it had filed a motion, such hypothetical properly withdrawn admission is not before the Court as summary judgment evidence. And Rule 36 makes clear that the question of unavoidable accident is conclusively established against the United States. The United States cannot offer contrary testimony from Mr. Saylor because "[a]n

---

[10] *See also in re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (an admission can only be withdrawn or amended by motion).

[11] *Am. Auto. Ass'n Inc. v. AAA Legal Clinic of Jefferson Crooke*, P.C., 930 F.2d 1117, 1120 (5th Cir. 1991).

[12] *E.g.*, *Am. Auto. Ass'n Inc.*, 930 F.2d at 1120; *in re La. Crawfish Prods.*, 852 F.3d 456, 468 (5th Cir. 2017) (an admission conclusively establishes a fact).

admission that is not withdrawn or amended cannot be rebutted by contrary testimony."[13] Thus, any testimony contrary to the Government's admissions is not proper summary judgment evidence.

## CONCLUSION

Because the United States put forth no evidence to create a genuine dispute as to a material fact concerning the issue of liability, the Court should grant partial summary judgment in favor of Plaintiff.

Respectfully Submitted,

/s/ Jamal Alsaffar
JAMAL K. ALSAFFAR
jalsaffar@nationaltriallaw.com
Texas State Bar #24027193
TOM JACOB
tjacob@nationaltriallaw.com
Texas State Bar #24069981
Whitehurst, Harkness, Brees, Cheng,
Alsaffar, Higginbotham, & Jacob PLLC
7500 Rialto Blvd, Bldg Two, Ste 250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)

HENRY MOORE
henry@moorelegal.net
Texas State Bar #14341500
Law Offices of Henry Moore
1101 E. 11th St.

---

[13] *Id.*; *see also Armour v. Knowles*, 512 F.3d 147, 154 (5th Cir. 2007) (an admission cannot be refuted by other evidence).

Austin, Texas 78702-1908
(512) 477-1663 (o)
(512) 476-6212 (f)

Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

By my signature above, I certify that a copy of this pleading has been sent to the following on September 18, 2018 via the Court's CM/ECF notice system.

> JAMES F. GILLIGAN
> jim.gilligan@usdoj.gov
> Assistant United States Attorney
> 601 N.W. Loop 410, Suite 600
> San Antonio, TX 78216-5597
> Tel. (210) 384-7345
> Fax (210) 384-7312