UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEROME SCHMIDT, | § | No. 1:18-CV-088-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. # 45)

Before the Court is a motion for partial summary judgment filed by Plaintiff Jerome Schmidt ("Plaintiff" or "Schmidt") on March 12, 2019. (Dkt. # 45.) Plaintiff's motion requests summary judgment as to liability only, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. (Id.) The motion is fully briefed and ripe for review.

Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the memoranda and exhibits filed in support of and in opposition to the motion, the Court—for the reasons that follow—**GRANTS** Plaintiff's motion for partial summary judgment as to liability.

BACKGROUND

On October 13, 2015, at about 2:30 PM, Edward Saylor ("Saylor"), an employee of the United States Navy, was driving southbound on South Lamar Blvd. in Austin, Texas.  (Dkts. ## 45 at 1; 49 at 2.)  Saylor was acting in the course and scope of his employment with the US Navy at the time.  (Id.)  At the intersection of South Lamar and Menchaca Blvd. Saylor executed a left turn and collided with the car driven by Plaintiff.  (Dkts. ## 45 at 2; 49 at 2.)  Plaintiff brought suit against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671, *et seq*.

During his deposition Saylor said that he was "a little bit blinded by the sun" (Dkt. # 49-1 at 38:22–39:8), and agreed with counsel for the United States that he was "somewhat blinded by the sun" and "momentarily blinded by the sun" when he began to make the left turn.  (Id. at 42:2–5, 62:1–5, 69:10–13.)  Saylor also agreed that the sun "created a glare" during the time of the accident.  (Id. at 79:3–4.)

Saylor also agreed with Plaintiff's counsel at the deposition that he had a duty to yield to oncoming traffic, that he had a duty to keep a proper lookout at all times, and that he was the cause of the accident.  (Id. at 41:1–10, 46:15–18, 47:2–10, 84:2–85:10.)  When questioned as to what Saylor could have done to avoid the accident, he responded that he should have "taken more caution."  (Id. at

84:22–85:10.) When he was then asked whether it was his responsibility to make sure the intersection was clear regardless of weather conditions (including sun or "shine") he responded that it was. (Id.)

## LEGAL STANDARD

A movant is entitled to summary judgment upon showing that "there is no genuine dispute as to any material fact," and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Meadaa v. K.A.P. Enters., L.L.C., 756 F.3d 875, 880 (5th Cir. 2014). A factual dispute is only genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial. Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

In deciding whether a fact issue has been created, the court must draw all reasonable inferences in favor of the nonmoving party, and it "may not make credibility determinations or weigh the evidence." Tiblier v. Dlabal, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).  At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form.  See Fed. R. Civ. P. 56(c); Lee v. Offshore Logistical & Transp., LLC, 859 F.3d 353, 355 (5th Cir. 2017).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

## DISCUSSION

Plaintiff argues that there is no genuine dispute on the issue of liability in the face of Saylor's deposition testimony, Saylor's concession that he had a duty to yield and that he was the cause of the accident, and the United States' admission that "[n]o sudden emergency, unavoidable accident, or 'act of God' caused or contributed to Jerome Schmidt's injuries that are the basis of this lawsuit."  (Dkts. ## 45; 45-3 at 7–8.)  The United States argues that summary judgment is inappropriate as there is a genuine dispute of material fact as to whether the unavoidable accident defense is available.  (Dkt. # 49 at 1.)

It should first be noted that unavoidable accident is an affirmative defense which the United States has not pled.  (See Dkt. # 8.)  Even so, the defense is unavailable here.  The United States is correct that Texas recognizes the defense of unavoidable accident.  "Unavoidable accident is present when an event occurs which was not proximately caused by the negligence of any party to the event." Chambers v. United States, 656 F. Supp. 1447, 1456 (S.D. Tex. 1987) (citing Yarbrough v. Berner, 467 S.W.2d 188 (Tex. 1971)).  The United States is also correct that the defense is available "in cases requiring inquiry in the causal effect of 'some physical condition or circumstances such as fog, snow, sleet, [or] wet or slick pavement.'"  Kirkham v. Westway Exp. Inc., 207 F.3d 659 (Table), 2000 WL 1222522, at *1 (5th Cir. 2000) (quoting Reinhart v. Young, 906 S.W.2d 471, 473 (Tex. 1995)).  However, no such inclement weather was present here, and "in order for [the United States] to raise the defense of unavoidable accident, the preponderance of the evidence must show that the accident in question happened without the negligence of either of the parties."  Chambers, 656 F. Supp. at 1457.

Here, the United States has failed to show by a preponderance of the evidence that the accident happened without Saylor's negligence based on Saylor's deposition testimony that he was at fault for the accident and could have exercised more care when making his turn and the United States' own admission that no unavoidable accident caused Plaintiff's injuries.  (Dkts. ## 49-1 at 41:1–10, 46:15–

18, 47:2–10, 84:2–85:10, 84:22–85:10; 45-3 at 7–8.)  Further, the Texas Court of Appeals cases relied on by the United States allowing the defense of unavoidable accident based on temporary blinding by sunlight are all distinguishable.

In Lofland v. Jackson, the first case relied upon by the United States, the temporary blindness based upon the sun was the product of a turn that had already occurred.  237 S.W.2d 785, 788 (Tex. App.—Amarillo 1950).  Here, the testimony is that, at 2:30 PM on the day in question, the sun was bright and in Saylor's eyes as he began the turn, which means that it had been bright and in Saylor's eyes as he was traveling down South Lamar, though he allegedly had not noticed it until the turn itself.  (Dkt. # 49-1 at 69:10–23, 78:15–79:4.)  Accordingly, unlike in Lofland, there is no evidence of any sudden change in brightness.

In Greer v. Seales, the second case relied upon by the United States, the sun blindness was again due to a sudden change, this one precipitated by the defendant's reaching the top of a hill.  No. 09-5-001, 2006 WL 439109, at *3 (Tex. App.—Beaumont Feb. 23, 2006).  Again, there is no evidence of any sudden change here.

Finally, in In re Ybarra, the last case relied upon by the United States, the defendant in Ybarra did not admit to negligence, he only admitted his vehicle hit the plaintiff's vehicle.  No. 04-17-245, 2017 WL 4655347, at *4 (Tex. App.—San Antonio Oct. 18, 2017).  As stated supra, Saylor admitted in his deposition that

he was the cause of the accident, that there wasn't "anything unavoidable" about the accident, and that he could have "taken more caution and made sure that [the intersection] was a hundred percent clear before entering [it]." (Dkt. # 49-1 at 84:2–4, 84:22–85:10.) Further, in Ybarra, there was "conflicting evidence regarding the accident" with the plaintiff describing a high-speed impact that bent the frame of his truck and the defendant describing a slow-speed impact with only minor damage. Id. Such is not the case here, as the basic facts are undisputed.

Accordingly, none of the cases cited by the United States lead to the conclusion that unavoidable accident is available as a defense under these specific factual circumstances. The United States has failed to show that there is a genuine dispute of material fact with regard to the unavoidable accident defense based on both Saylor's deposition testimony as to his fault and his negligence, and the United States' own admission that there was no unavoidable accident here. Therefore, Plaintiff's motion for partial summary judgment as to liability will be granted.

## CONCLUSION

In light of the foregoing, Plaintiff's motion for partial summary judgment is **GRANTED**. (Dkt. # 45.) Therefore, **IT IS HEREBY ORDERED** that the hearing on Defendant's motion for partial summary judgment (Dkt. # 45)

in the above entitled and numbered case which was set on Friday, June 21 2019, at 9:00 AM is hereby **CANCELLED**.

The case is already set for trial on November 18, 2019, at 9:00 AM. Trial will be devoted to damages only, as liability has already been determined pursuant to this Order.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, June 5, 2019.

_____
David Alan Ezra
Senior United States Distict Judge