IN THE UNITED STATES DISTRICT FOR
THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JEROME SCHMIDT** | **NO. 1:18-CV-88-DAE** |
| Plaintiff | |
| vs. | |
| **UNITED STATES OF AMERICA**, | |
| Defendant | |

## STIPULATIONS OF THE PARTIES

Pursuant to Local Rule-CV-16(e)(3), Parties in this case stipulate to the following facts:

1.  This case arises out of a motor vehicle collision on October 13, 2015, between Edward Saylor and Jerome Schmidt. The collision occurred while Edward Saylor was in the course and scope of his employment with Defendant United States.

2.  Venue is proper in this district.

3.  The United States Department of the Navy is an agency of the United States of America. The Defendant, United States of America, through its agency, the United States Department of the Navy, at all times material to this action, was the employer of Edward R. Saylor. Mr. Saylor was, in October 2015, an active duty member of the United States Marine Corps. At all times material to this action, USMC Saylor was an agent, servant, or employee of the United States of America acting within the course and scope of his employment.

4.  Dr. Jerome Schmidt is veteran of the United States Army who was honorably discharged.

5.   On December 13, 2017, the Department of the Navy finally denied Plaintiff's claim in writing. This lawsuit was filed within six (6) months of the final denial of Plaintiff's claims. Accordingly, Plaintiff complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this suit.

6.   That the United States of America has been properly and timely served with this lawsuit.

7.   That this lawsuit was filed within the statute of limitations.

8.   No exception listed in 28 U.S.C. § 2680 to the Federal Tort Claims Act bars this lawsuit.

9.   The substantive law of the state of Texas applies to this lawsuit under the Federal Tort Claims Act and 28 U.S.C. § 1346(b)(l).

10.   That all persons or entities that the United States of America maintains should be a party to this lawsuit, are named as a party.

11.   The collision that is the basis of this lawsuit is not caused by any condition or defect in the vehicle driven by Government employee, Edward Saylor.

12.   The car wreck that is the basis of this lawsuit is not caused by any condition or defect in the roadway or surroundings (structures, vegetation, signage, etc.).

13.   The wreck on October 13, 2015, between the United States vehicle and Jerome Schmidt's vehicle caused the air bag to deploy in Mr. Schmidt's vehicle. Dr. Schmidt wore his seatbelt at the time.

14.   After the collision that forms the basis of this lawsuit, police & ambulance arrived, no one requested ambulance to the hospital, and Dr. Schmidt's car was towed from the scene. Dr. Schmidt's car was totaled.

15.   The Austin Police Department cited Edward Saylor for failure to yield.

16. Parties stipulate that these records are authentic and both sides agree these records will be admissible under Rule 803(6) without the necessity of calling the custodian of records and will be offered for pre-admission as joint exhibits:

   a.  NTL-1 to NTL-39 (Seton SW)

   b.  NTL-40 to NTL-80 (Brackenridge)

   c.  NTL-81 to NTL-206 (NeuroAustin)

   d.  NTL-207 to NTL-851 (Texas Orthopedics)

   e.  NTL-852 to NTL-970 (Texas Ortho Surgery Center)

   f.  NTL-971 to NTL-986 (ACTA)

   g.  NTL-987 to NTL-1074 (ACTA)

   h.  NTL-1082 to NTL-1095 (ARA)

   i.  NTL-1096 to NTL-1107 (NeuroAustin)

   j.  NTL-1109 to NTL-1556 (Baylor S&W Lakeway)

   k.  NTL-1557 to NTL-1801 (Mallett)

   l.  NTL-1802 to NTL-1825 (Encompass)

   m.  NTL-2177 to NTL-2189 (ACTA)

   n.  NTL-2276 to NTL-2279 (Texas Orthopedics)

   o.  NTL-2280 to NTL-2485 (Texas Orthopedics)

   p.  NTL-2203 to NTL-2275 (Mallett)

   q.  NTL-2486 to NTL-2517 (Pampe)

   r.  NTL-2923 to NTL-3091 (Texas Ortho)

   s.  NTL-4117 to NTL-4161 (VA)

17. Parties stipulate that these records are authentic and both sides agree these records will be admissible under Rule 803(6)

without the necessity of calling the custodian of records and will be offered for pre-admission as joint exhibits: ARA Imaging CD labeled NTL-2523, ARA Imaging CD labeled NTL-2524, and NeuroAustin CD with EEG data labeled NTL-2525.

Respectfully Submitted,

/s/ Jim Gilligan (signed with permission)
JIM GILLIGAN
Assistant United States Attorneys
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216-5597

Attorney for the United States

/s/ Jamal Alsaffar
JAMAL K. ALSAFFAR
jalsaffar@nationaltriallaw.com
Texas State Bar #24027193
TOM JACOB
tjacob@nationaltriallaw.com
Texas State Bar #24069981
Whitehurst, Harkness, Brees, Cheng,
Alsaffar, Higginbotham, & Jacob PLLC
7500 Rialto Blvd, Bldg Two, Ste 250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)

HENRY MOORE
henry@moorelegal.net
Texas State Bar #14341500
Law Offices of Henry Moore
1101 E. 11th St.
Austin, Texas 78702-1908
(512) 477-1663 (o)

(512) 476-6212 (f)

Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

By my signature above, I certify that a copy of Stipulations of the Parties has been sent to the following on November 8, 2019 via the Court's CM/ECF notice system.

JAMES F. GILLIGAN
JAMES E. DINGIVAN
Assistant United States Attorneys
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216-5597
Tel. (210) 384-7345
Fax (210) 384-7312
jim.gilligan@usdoj.gov