United States District Court
Western District of Texas
Austin Division

| | |
|---|---|
| **Jerome Schmidt,**<br>　　Plaintiff,<br><br>　　v.<br><br>**United States of America**<br>　　Defendant. | No. 1:18-CV-00088-DAE |

### United States' Response to Schmidt's Objections

Schmidt's Objections to the Government's Exhibit List, Dkt. 82, are inaccurate and unpersuasive:

1. **Timeliness**

As a threshold matter, Schmidt incorrectly argues that the Government's amended exhibit list was untimely. Dkt. 82 at 2 n.1. The Federal Rules are clear that where, as here, the deadline falls on a federal holiday, the due date is the next federal business day. Fed. R. Civ. Proc. 6(a)(3). The government timely filed its amended exhibit list the day after Veteran's Day, November 12. Dkt. 81.

2. **Articles & Treatises**

Schmidt then argues that certain of the government's listed articles, which the government intends to introduce as treatises under Rule 803, should be excluded because—according to Schmidt—they were not provided during the discovery period. In fact, every one of the government's listed articles was clearly identified with pinpoint citations under the sub-heading of `References' in alphabetical order, located at pages 18 to 21 of Dr. Boone's expert report that was produced on August 15, 2018 (the government's designation deadline for this expert witness), well-within the open discovery period. The articles referenced above are all publicly available and Plaintiff had plenty of time to identify them and use them during discovery. *See St. Rose v. Mobile Paint Mfg. Co. of Delaware*, No. 04-CV-114, 2010 WL 11562037, at *8–9 (D.V.I. July 19, 2010) (denying motion to strike where expert had cited the literature in his expert report, all of which was publicly available, and plaintiff had plenty of time

to review). (Exhibit A, Kyle Boone's expert report, pp. 18-21). Notably, Plaintiff has never indicated he was unable to access these publicly available treatises. Had Plaintiff made such indication in a timely manner, the Government would have produced them. Schmidt has neither shown that they are not publicly available to him, nor that Dr. Bigler, his testifying neuropsychologist, suffered any genuine prejudice or been unable to access these publicly available citations. Accordingly, Schmidt's objections are untimely and fail to establish any prejudice.

Indeed, there can be no prejudice here. Trial is still at least two and one-half months away. PDF copies will be exchanged on November 22, along with the other electronic exhibits, and Schmidt's experts can review whatever studies they claim they have not reviewed already. Schmidt's expert fees with respect to reviewing these materials are irrelevant—the costs would be incurred whether the experts reviewed the articles after they were cited in the expert reports or now in preparation for trial. *See Soufflas v. Zimmer, Inc.,* 474 F. Supp. 2d 737, 744-45 (E.D. Pa. 2007) (refusing to exclude an expert's opinions because the opponent had not shown its legal position would be irreparably prejudiced by admission of the opinions). As a result, Schmidt's objections to Kyle Boone's timely listed, publicly available literature should be overruled.

However, Defendant concedes G-16, G-54, G-67, G-71, G-78, and G-87 were produced after the close of discovery. Nonetheless, they may otherwise be admissible on the basis of rebuttal purposes alone. The Government further asserts that these exhibits will serve to assist the Court in its "gatekeeper" role of admitting scientific evidence (*Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), as the articles demonstrate the lack of foundation necessary to support Plaintiff's expected expert witness history on advanced imaging theories mainly used in experimental research. The Government will agree to remove them from it's trial notebook if the Court decides discovery had closed and that there is not a duty to supplement after the close of discovery articles potentially bearing on the issue at hand that will inform the Court on these advanced imaging issues.

### 3. Demonstratives

Finally, Schmidt accuses the government of attempting to admit expert reports through the "back door" because the government listed demonstratives exhibits prepared by the government's experts and further provided with their respective reports. Dkt. 82 at 5. But it is axiomatic that experts may present illustrations, charts, photos, or graphics to illustrate and explain their live testimony under Federal Rule of Evidence 702. *See, e.g., Johnson v. Big Lots Stores, Inc*., 253 F.R.D. 381, 392 (E.D. La. 2008) (allowing charts prepared by experts as demonstratives). "[E]xhibits disclosed in the parties' respective expert reports that demonstrate expert conclusions are generally admissible, if permitted by the Federal Rules of Evidence, and may be used as demonstratives at trial." *Am. Tech. Ceramics Corp. v. Presidio Components, Inc*., No. 14-CV-6544(KAM)(GRB), 2019 WL 2330855, at *15 (E.D.N.Y. May 31, 2019). Because the government intends to introduce these exhibits as demonstratives only (and has labeled them accordingly as GD-X), plaintiff's objections should be overruled.

Respectfully submitted,

John F. Bash
United States Attorney

By: */s/ James F. Gilligan*
James F. Gilligan
Assistant United States Attorney
Texas Bar No. 07941200
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7100 (phone)
(210) 384-7276 (fax)
James.gilligan@usdoj.gov

Kristina S. Baehr
Assistant United States Attorney
Texas Bar No. 24080780 903 San Jacinto, Suite 334
Austin, Texas 78701
(512) 916-5858 (phone)
(512) 916-5854 (fax)
Kristina.baehr@usdoj.gov

**Certificate of Service**

 I certify that on November 22, 2019, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification to the following CM/ECF participant(s):

Jamal K. Alsafar (jalsaffar@nationaltriallaw.com)
Tom Jacobs (tjacobs@nationaltriallaw.com)
Henry Moore (henry@moorelegal.net)

            */s/James F. Gilligan*
            James F. Gilligan
            Assistant United States Attorney