IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JEROME SCHMIDT** <br><br> Plaintiff <br><br> vs. <br><br> **UNITED STATES OF AMERICA**, <br><br> Defendant | **NO. 1:18-CV-88-DAE** |

## PLAINTIFF'S RESPONSE TO THE GOVERNMENT'S MOTION FOR LEAVE TO FILE UNTIMELY OBJECTIONS

The issue presented is whether the parties may unilaterally ignore the Court's orders. The Government argues yes. But where the Court told the parties, "there's no excuse" for failing meet the very deadline at issue, Plaintiff opposes the Government's motion. Exhibit 1, Hr'g Tr., at 14:8–13 (Oct. 24, 2019). The Court should deny the Government's motion because:

- The Government knowingly missed the deadline; and
- The Government demonstrates no good cause or extraordinary circumstances for its error.

1. ***The Government knowingly missed the deadline to file its objections.***

While the Government's motion refuses to acknowledge a mistake, the filing itself concedes that the Government missed the deadline to file its objections. *See* Order, at 2 (ECF No. 57). For context, the Court set the deadline for objections due

on November 13, 2019 by the close of business. *Id*. And Plaintiff timely filed his witness list, exhibit list, and objections. *See* ECF No. 77 & 82.[1]

At the hearing on October 24, 2019, the Court specifically told parties that it intended to keep these deadlines in place. Exhibit 1, Hearing Transcript, at 7:24–8:9. In fact, the Court instructed the parties *twice* that the deadlines would not change. The second time, the Court made clear, "there's no excuse for people not being ready. ... So, we'll leave the same dates. Everybody understood what they were." *Id*. at 14:8–18.

What's more, shortly after this hearing, Mr. Gilligan emailed Plaintiff's counsel a copy of the deadlines—ECF No. 57—to make sure *Plaintiff* would comply with those deadlines. Exhibit 2, Gilligan Email (Oct. 29, 2019). And Plaintiff did comply, but the Government did not.

2. ***The Government demonstrates no good cause or extraordinary circumstances for an untimely filing.***

When a party knowingly misses a deadline, Courts may refuse to accept those objections. *E.g.*, *Cruz v. United States*, No. SA-01-CA-1076-OG, 2002 WL 34381138, at *1 (W.D. Tex. July 10, 2002). Like *Cruz*, this Court's order "does not provide a unilateral extension of the deadline" to the United States. *Id*. Instead, the failure to file objections to exhibits "shall be deemed waived unless excused by the court for good cause shown." Judge Ezra Fact Sheet at 4.[2] And the Court makes clear that,

---

[1] In contrast, the Government filed its witness and exhibit list near midnight on November 11, 2019. *See* ECF No. 79. Then, the Government amended its exhibit list on November 12, 2019. ECF No. 81. But Plaintiff was still able to meet the Court's November 13, 2019 deadline to file objections. *See* ECF No. 82.

[2] *Available at* https://tinyurl.com/uxccwjd (last accessed Nov. 25, 2019).

for discovery deadlines, "there will be no intervention by the Court except in extraordinary circumstances." *Id.* at 6.

So, what good cause or extraordinary circumstances did the Government brief demonstrate? None of the three attorneys noticed on behalf of the Government were sick. None were on vacation. Perplexingly, the Government argues that a different deadline falling on a holiday prevented it from meeting this deadline. (Of course, this deadline fell on a regular business Wednesday.) Next, the Government argues that Plaintiff "has not yet provided the United States with labeled electronic exhibits," but neither has the Government. In fact, most of the Government's exhibits were never produced in discovery. Yet, Plaintiff managed to timely file his objections. Most likely, this argument is pretextual. Here, Plaintiff's counsel offered an early exchange of exhibits, but the Government rejected this offer. Rather, Government counsel firmly asked to keep deadlines in place. Exhibit 3, Gilligan Email (Oct. 7, 2019).

Nonetheless, the Government argues it would suffer prejudice if its objections were waived. But even substantively, the Government's objections are baseless. For example, it argues that it has *Daubert* challenges. But the Court imposed a deadline for *Daubert* challenges—**another** deadline which the Government blew past. *See* Sch. Order at 2 ¶ 5 ("The failure to strictly comply with this paragraph will be deemed a waiver of any objection that could have been made pursuant to Federal Rule of Evidence 702.") (ECF No. 15).[3] Or as another example, the Government offers hearsay objections to admissions by party opponents or learned treatises.

---

[3] In fact, after Judge Yeakel transferred this case to Judge Ezra, the Court vacated the pending motion for summary judgment and *Daubert* motions, encouraging the parties to refile. The Government missed this second opportunity too.

## CONCLUSION

In sum, the Government knowingly missed a deadline that the Court reminded the parties about twice, and that it insisted Plaintiff follow, and that it had no good cause or extraordinary circumstances for missing. Under these circumstances, the Court should deny the Government's motion.

Respectfully Submitted,

/s/ Jamal Alsaffar
JAMAL K. ALSAFFAR
jalsaffar@nationaltriallaw.com
Texas State Bar #24027193
TOM JACOB
tjacob@nationaltriallaw.com
Texas State Bar #24069981
Whitehurst, Harkness, Brees, Cheng, Alsaffar, Higginbotham, & Jacob PLLC
7500 Rialto Blvd, Bldg Two, Ste 250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)

HENRY MOORE
henry@moorelegal.net
Texas State Bar #14341500
Law Offices of Henry Moore
1101 E. 11th St.
Austin, Texas 78702-1908
(512) 477-1663 (o)
(512) 476-6212 (f)

Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

By my signature above, I certify that a copy of Plaintiff's Response to the Government's Motion for Leave to File Untimely Objections has been sent to the following on November 25, 2019 via the Court's CM/ECF notice system.

                JAMES F. GILLIGAN
                JAMES E. DINGIVAN
                KRISTINA S. BAEHR
                Assistant United States Attorneys
                Western District of Texas
                601 N.W. Loop 410, Suite 600
                San Antonio, TX 78216-5597
                Tel. (210) 384-7345
                Fax (210) 384-7312
                jim.gilligan@usdoj.gov
                kristina.baehr@usdoj.gov
                james.dingivan@usdoj.gov