IN THE UNITED STATES DISTRICT FOR

THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| JEROME SCHMIDT | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | No. 1:18-cv-00088-DAE |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant | § | |
| | § | |

# TRIAL BRIEF – § 18.001 AFFIDAVITS

This Court should admit Plaintiff's § 18.001 affidavits on the reasonableness and necessity of medical care. First, Texas substantive law allows plaintiffs to use these affidavits to prove their medical expenses in tort suits. Second, federal courts—including the Western District of Texas—routinely apply section 18.001 as the substantive law of Texas.

1. ***Texas law allows the use of § 18.001 affidavits to prove reasonable & necessary medical care.***

Texas Civil Practice & Remedies § 18.001 allows parties to use affidavits to support a finding that medical expenses were reasonable and necessary:

> [A]n affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary **is sufficient evidence to**

> **support a finding** of fact by judge or jury **that the amount charged was reasonable or that the service was necessary**.

Tex. Civ. Prac. & Rem. Code Ann. § 18.001 (emphasis added).

The Texas Supreme Court held § 18.001 affidavits may "constitute[] legally sufficient evidence of the reasonableness and necessity of... past medical fees." *Gunn v. McCoy,* 554 S.W.3d 645, 675 (Tex. 2018). And the Texas Supreme Court has recognized it "**is common to use section 18.001 affidavits as evidence** of the reasonableness and necessity of past medical expenses." *Gunn v. McCoy,* 554 S.W.3d 645, 672 (Tex. 2018), *reh'g denied* (Sept. 28, 2018) (citing *Haygood v. De Escabedo,* 356 S.W.3d 390, 397-99 (Tex. 2011) (emphasis added).

### 2.   *Federal Courts apply § 18.001 as substantive law*

The Fifth Circuit has long held state laws prescribing how damages are proven are substantive. *See Hamburger v. State Farm Mut. Auto. Ins. Co.,* 361 F.3d 875, 884 (5th Cir. 2004). That is, "state law governs what the plaintiff must prove and how it may be proved; federal law governs whether the evidence is sufficient to prove it." *McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 476 (5th Cir. 2015).

The Western District has law directly on point. In *Grover v. Gov't Emp.*, the Court held that Plaintiffs may use § 18.001 affidavits to "establish the reasonableness and necessity of his medical care." No. 5:18-cv-00850-FB-ESC, at 4 (May 31, 2019) (ECF No. 36); *see also Mascorro v. Wal-Mart Stores, Inc.*, EP–15–CV–00112–FM, 2016 WL 10567160, at *5 (W.D. Tex. 2016) (holding that a plaintiff may use § 18.001 affidavits to prove reasonable necessity of medical charges); *Cruzata v. Wal-Mart Stores Texas, LLC*, EP–13–CV–00331–FM, 2015 WL 1980719, at *6 (W.D. Tex. 2015) (same).

The *Grover* rule applies equally in Federal Tort Claims Act cases against the Government. For example, in *Rahimi v. United States*, the court held that the plaintiff in a Postal

truck wreck case may use § 18.001 to make a showing of the reasonableness and necessity of her medical expenses. 474 F. Supp. 2d 825, 829 (N.D. Tex. 2006); Then, in *Butler v. United States*, No. 3:15-cv-2969 (N.D. Tex. June 2, 2017) (ECF No. 41), the court overruled Defendant's objections that § 18.001 affidavits were inadmissible hearsay. The Government also argued that § 18.001 was purely procedural, and therefore did not apply in FTCA cases. But Judge Lynn rejected this argument as well. *Id.* at 3–4; *see also Gorman v. ESA Mgmt., LLC*, No. 3:17-CV-0792-D, 2018 WL 295793 (N.D. Tex. Jan. 4, 2018) (holding the substantive portions of § 18.001 apply); *Bowman v. Cheeseman, LLC*, No. 3:13-CV-3865-N, 2014 WL 11515575, at *1 (N.D. Tex. 2014) (same).

3. ***The Twin Aims of Erie Dictate § 18.001 is Substantive.***

In determining whether a state law is procedural, the question is whether the variation of laws between state and federal courts would change the outcome when viewed in light of "the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Hanna v. Plumer,* 380 U.S. 460, 466 (1965)*.*

Ruling § 18.001 is "purely procedural" would conflict these goals. Under Texas Law, medical expenses may be proven reasonable or necessary "(1) by presenting expert testimony . . . or (2) through the submission of [§ 18.001 affidavits]." *Grover,* 2019 WL 2329321, at *2. By excluding § 18.001 affidavits from kind of evidence a plaintiff may use, the court would encourage forum shopping. *See Hamburger,* 361 F.3d at 888. ("From the point of view of the *Erie* interest in avoiding forum shopping, it is sensible to follow the state rules regarding when expert testimony is needed to prove causation"). And without § 18.001 affidavits, plaintiffs would be deprived of a kind of evidence so "bound up or intertwined" in Texas state law as to cause inequitable administration of the law. *See Grover,* 2019 WL 2329321, at *2. This court should rule similarly, and hold §

18.001 affidavits are kind of evidence available to plaintiffs for proving medical expenses are reasonable and necessary.

## CONCLUSION

For these reasons, the Court may use Tex. Civ. Prac. & Rem. Code Ann. § 18.001 affidavits to determine the reasonableness and necessity of Plaintiffs' medical expenses.

Respectfully Submitted,

/s/ Tom Jacob
JAMAL K. ALSAFFAR
jalsaffar@nationaltriallaw.com
State Bar #24027193
TOM JACOB
tjacob@nationaltriallaw.com
State Bar #24069981
Whitehurst, Harkness, Brees, Cheng,
   Alsaffar, Higginbotham, & Jacob PLLC
7500 Rialto Blvd, Bldg Two, Ste 250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)

HENRY MOORE
henry@moorelegal.net
State Bar #14341500
Law Offices of Henry Moore
1101 E. 11th St.
Austin, Texas 78702-1908
(512) 477-1663 (o)
(512) 476-6212 (f)
    Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

By my signature above, I certify that a copy of this motion has been sent to the following on February 10, 2020 via the Court's CM/ECF notice system.

James F. Gilligan
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216-5597
(210) 384-7345 (o)
(210) 384-7358 (f)

Kristina S. Baehr
Assistant United States Attorney
903 San Jacinto, Suite 334
Austin, Texas 78701
(512) 916-5858 (phone)
(512) 916-5854 (fax)
    Attorneys for Defendant