United States District Court
Western District of Texas
Austin Division

Jerome Schmidt,
    Plaintiff,

v.

United States of America,
    Defendant.

No. 1:18-CV-00088-DAE

**United States' Response to Schmidt's Trial Brief Re: §18.001 Affidavits**

Schmidt's trial brief does not solve his failure of proof with respect to the billing records in this case. Schmidt points to the §18.001 affidavits not for authenticity, but for proof of the ultimate issue—that they are sufficient in and of themselves to prove the treatment portion of damages. Dkt. 90 at 1, 4. That is not true in this case. While the §18.001 affidavits are evidence that the expenses billed were reasonable in amount and necessary for treatment of *some* condition, they "are not evidence of what all the conditions were nor that all the conditions were caused by the accident." *Guevara v. Ferrer*, 247 S.W.3d 662, 669 (Tex. 2007). These bills include *all* of Dr. Schmidt's treatment after October 2015, including conditions—like bowel treatment—not remotely related to the accident. As a result, they are irrelevant. The plaintiff cannot lay the proper foundation for their admission because the plaintiff has failed to provide expert testimony (i) identifying the conditions to which the medical bills relate and (ii) opining that these conditions were caused by the accident. *Id.* The United States therefore renews its objection to the billing records.

The law requires that Schmidt prove that expenses billed were directly related to conditions caused by the October 13, 2015 accident. "Absent expert proof of the conditions and their causes, judgment for the expense of treatment is not supported by legally sufficient

1

evidence." *Id.* To be sure, in simple cases, non-expert testimony would be enough to establish causation as to the cost of treatment. "Non-expert evidence alone is sufficient to support a finding of causation in limited circumstances where both the occurrence and conditions complained of are such that the general experience and common sense of laypersons are sufficient to evaluate the conditions and whether they were probably caused by the occurrence." *Id.* at 668-69 (*citing Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 2005)).

But without expert testimony and the proper foundation, these bills are irrelevant, more prejudicial than probative, and confusing to the trial and appellate record under Rules 402 and 403. As a threshold matter, it appears that Schmidt made little effort to apportion out the treatment allegedly related to the accident. The bills include costs for imaging of Dr. Schmidt's pelvis performed after he complained of changes in his stool patterns. P153 at 83; P32 at 3. The bills also include all of Dr. Schmidt's psychological treatment since October 2015, including the season where Dr. Cooper counseled him through the grief of the loss of his child. *See, e.g.*, P153 at 83; 32 at 3.

Even if Schmidt had segregated the bills to cover only treatment related to conditions allegedly caused by the accident, including cognitive difficulties, back or neck pain, expert testimony would still be needed to delineate the care required by the accident from the care that he would have needed in any event on account of his prior conditions. While Dr. Schmidt had a degenerative back condition, Schmidt has made no effort to demonstrate what expenses are attributable to the degenerative condition as opposed to the alleged new injury. Similarly, the plaintiff has experienced depression and anxiety as a result of PTSD since the age of 24, and yet again, he does not segregate his psychological bills to account for his treatment of PTSD.

Indeed, it cannot reasonably be disputed that causation in this case is out of the general experience and common sense of laypersons. Schmidt has called *seven* expert witnesses to testify to his condition, causation, treatment, and damages. And yet remarkably, not one of them addressed the medical records in their expert reports.  Rule 26(a)(2) precludes them from opining as to them now.

In sum, while the United States does not question the authenticity of these billing records, it challenges them because they are irrelevant, more prejudicial than probative, confusing to the record—and certainly not evidence of damages *per se* as the plaintiff seeks to introduce them. Dkt. 90 at 1, 4.

Respectfully submitted,

John F. Bash
United States Attorney

By:   /s/ *Kristina S. Baehr*
Kristina S. Baehr
Assistant United States Attorney
State Bar No. 24080780
U.S. Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, Texas  78701
(512) 916-5858
(512) 916-5854 (fax)
Kristina.baehr@usdoj.gov

James F. Gilligan
Assistant United States Attorney
Texas Bar No. 07941200
601 N.W. Loop 410, Suite 600
San Antonio, Texas  78216
(210) 384-7100 (phone)
(210) 384-7276 (fax)
jim.gilligan@usdoj.gov

Attorneys for Defendant
United States of America

**Certificate of Service**

I certify that on February 10, 2020, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☒  The CM/ECF system will send notification to the following CM/ECF participant(s):

Jamal K. Alsafar (jalsaffar@nationaltriallaw.com)
Tom Jacobs (tjacobs@nationaltriallaw.com)
Henry Moore (henry@moorelegal.net)

*/s/ Kristina S. Baehr*
Kristina S. Baehr
Assistant United States Attorney

4