UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JEROME SCHMIDT, | § No. 1:18-CV-088-DAE |
| Plaintiff, | § |
| vs. | § |
| UNITED STATES OF AMERICA, | § |
| Defendant. | § |

ORDER

At the close of trial, the Court ordered the parties to brief the "eggshell skull" doctrine under Texas law and ordered Plaintiff Jerome Schmidt ("Plaintiff" or "Schmidt") to re-submit the billing records he sought to submit into evidence without any witness testimony. Plaintiff submitted his motion on the billing records on March 5, 2020, to which Defendant the United States ("Defendant" or the "Government") responded on March 9, 2020. (Dkts. ## 107, 110.) The parties also submitted briefing on March 12, 2020, regarding the eggshell skull doctrine. (Dkts. ## 111, 112.) After careful consideration, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion regarding the billing records and the Court lays out the standard that it will be following in its final order.

1

## DISCUSSION

This case concerns a car collision between a member of the United States Marine Corps and Plaintiff. Plaintiff brought suit against the Government pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671, *et seq*. The Court held a multi-week bench trial in February 2020. Trial was devoted to damages only as liability had already been determined. (*See* Dkt. # 65.) At the close of trial, two issues required this Court to order subsequent briefing.

The first issue is the "eggshell skull" doctrine under Texas law. The Court cited *Koch v. United States*, 857 F.3d 267 (5th Cir. 2017) to the parties as there, the Fifth Circuit provided the baseline doctrine. But because *Koch* dealt with substantive Louisiana law and was not brought under the FTCA, the Court ordered the parties to file additional briefing on the "eggshell skull" doctrine in Texas, specifically as to what standard this Court should apply in its final order. The parties submitted briefing, and while they agree on the baseline rule, the parties disagree regarding the burden of proof.

The second issue is whether this Court should allow certain billing records to be admitted as evidence when Plaintiff failed to provide live testimony at trial regarding these bills and instead seeks to rely only on Section 18.0001 affidavits. (*See* Dkts. ## 107, 110.) Plaintiff presented the Court with four exhibits that he seeks to submit as evidence (Dkt. # 107), and while Defendant has no issue

with admitting two of the records, Defendant argues this Court should not admit the other two. (Dkt. # 110.)

In light of the foregoing, this order shall articulate the standard that this Court will rely upon in its final order and this Court shall determine whether the billing records should be admitted. Both issues are discussed below.

I.   The "Eggshell Skull" Doctrine in Texas

Under the "eggshell skull" doctrine, a defendant must compensate a plaintiff "for unforeseeable injuries flowing from some pre-existing physical condition." Dahlen v. Gulf Crews, Inc., 281 F.3d 487, 495 (5th Cir. 2002) (citing Munn v. Algee, 924 F.2d 568, 576 (5th Cir. 1991)); see also Rest. 2d of Torts § 461 (1977) ("The negligent actor is subject to liability for harm to another although a physical condition of the other which is neither known nor should be known to the actor makes the injury greater than that which the actor as a reasonable man should have foreseen as a probable result of his conduct.") The essence of the rule is simple: "The defendant takes the plaintiff as he finds him." Koch, 857 F.3d at 273. In Koch, the Fifth Circuit agreed with the Louisiana district court that there are two exceptions to the general rule as described by the Second Circuit in Maurer v. United States, 668 F.2d 98 (2d Cir. 1981). See id. ("We see no error in the district court's application of the well-settled principles set forth in Maurer.") The first exception occurs "when a plaintiff is incapacitated or disabled prior to an accident,

the defendant is liable only for the additional harm or aggravation that he caused." Id.  The second exception occurs when "a plaintiff has a preexisting condition that would inevitably worsen."  Id.  In that situation, "a defendant causing subsequent injury is entitled to have the plaintiff's damages discounted to reflect the proportion of damages that would have been suffered even in the absence of the subsequent injury."  Id.  The key is that the defendant bears the "the burden . . . to prove the extent of the damages that the preexisting condition would inevitably have caused."  Id.

The Government disputes that it has the burden to prove the extent of the damages that the preexisting condition would inevitably have caused.  The Government rightly distinguishes the facts in Koch:  that was a maritime law case tried in Louisiana, not a FTCA case tried in Texas.  (Dkt. # 111.)  The Government also rightly notes that Plaintiff must prove by a preponderance of the evidence that Defendant's negligence caused Schmidt's injuries.  Plaintiff counters that Defendant already pled "preexisting conditions as an affirmative defense because it bears the burden of proof to receive an offset or discounts."  (Dkt. # 112.)  Both parties cite to various Texas case law in support of the assertion that Defendant does or does not bear the burden to offset its damages.

The Court finds that while Plaintiff bears the burden of showing that Schmidt's injuries were caused by the car collision in 2015 (i.e. that his current

physical condition would not have been at this level had the car collision not occurred), Defendant must show that the damages claimed by Plaintiff should be offset or discounted due to a preexisting condition.  This should come as no surprise to either party: a tortfeasor must take a plaintiff as he finds him, but the tortfeasor should only be held liable for damages caused by his negligence, not for damages that would have happened even without any negligence.

The Government's citation to a Texas court of appeals case supports the Court's articulated standard.  In Rumzek v. Lucchesi, the Texas court of appeals concluded that the plaintiff "did not present uncontradicted verifiable objective evidence of an injury" and "that the jury was entitled to enter a zero damages award in light of the subject[ive] nature of Appellant's injuries."  543 S.W.3d 327, 337 (Tex. App. 2017).  The court also determined that "[w]hen, as here, a plaintiff presents no uncontroverted objective evidence of an injury caused by the defendant's negligence, and the jury is instead presented with conflicting evidence on the cause of a plaintiff's injuries, the jury is entitled to find that the defendant is not liable for the plaintiff's injuries and to enter a zero damages award."  Id. at 339.  The court noted that if, however, the complaints are "subjective in nature and, therefore, incapable of direct proof," then the jury may award zero damages.  Id. at 333 (noting that subjective evidence includes "where the evidence of pain is conflicting, scant, or more subjective than objective").  In essence, this case says

that it is the plaintiff's burden to put on evidence that defendant should be liable for the plaintiff's injuries as the defendant's negligence caused the injury.

And the Court agrees. Here, there appears to be a lack of "objective" evidence in the traditional sense because an injury to the brain cannot be readily verified and seen. This lack of objective evidence makes the Court's job as trier of fact particularly difficult, and it is only more difficult given that the testimony at trial seemed to suggest that Schmidt may have already been suffering from a type of brain injury prior to the car collision. Thus, to be awarded damages, it is Plaintiff's burden to show that Defendant caused Plaintiff's injuries.

But then, assuming that this Court finds that some of Plaintiff's injuries were caused by Defendant's negligence, Defendant must show how the damages would have occurred regardless of the car collision. In essence, it is Defendant's prerogative to argue before the Court that damages should be offset. This idea is supported by Texas law and Texas jury instructions on the eggshell skull doctrine. As far back as 1938, the Texas Supreme Court noted that:

> It has long been a settled rule in this state that, where a plaintiff in a personal injury suit is suffering from an infirmity not caused by the accident which is the basis of the suit, and where the injuries flowing from the prior existing infirmity and those flowing from the negligence of the defendant are closely connected and intermingled to the extent that the jury might become confused and allow for improper elements of damages, the trial court should affirmatively charge the jury that plaintiff is entitled to recover only to the extent that his injuries were aggravated by the defendant's negligence.

Dallas Ry. & Terminal Co. v. Ector, 131 Tex. 505, 507 (Comm'n App. 1938).  The court noted that "the principle governing these decisions is the same as that governing the rule that the defendant is entitled to an affirmative presentation of his defenses."  Id.

Texas Pattern Jury Charge Section 28.9 keeps this principle in mind with its exclusionary instruction for a preexisting condition that is aggravated, noting that the jury should "not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question." Texas Pattern Jury Instruction §28.9.  In the comment, it notes that juries are to be given this instruction "if there is evidence that the plaintiff was suffering from a prior physical infirmity that was aggravated by the occurrence in question" and "before elements of damages."  Id.  This limiting instruction is meant to help apportion the damages attributable to something other than the injury in question (here, the injury from the car collision).

This idea of a preexisting condition and the offset of damages is a defensive issue and thus, very valuable to a defendant.  It is the Court's job to balance two essential policy interests: (1) not holding a defendant liable for something preexisting the negligent act and (2) allowing a plaintiff to recover damages attributable to defendant's negligence.  After weighing all of the evidence

from trial, it will be the Court's job to delineate explicitly and determine to what extent Schmidt's preexisting condition was aggravated by the car collision in October 2015.

## II.     Plaintiff's Motion to Enter Certain Billing Records

During the first day of trial on February 10, 2020, Plaintiff filed a trial brief seeking to admit billing records of Plaintiff's medical expenses without any direct trial testimony and instead relying upon "Tex. Civ. Prac. & Rem. Code Ann. § 18.001 affidavits to determine the reasonableness and necessity of Plaintiffs' medical expenses." (Dkt. # 90.)  The Government responded that these affidavits are "not evidence of what all the conditions were nor that all the conditions were caused by the accident." (Dkt. # 91 (citing Guevara v. Ferrer, 247 S.W.3d 662, 669 (Tex. 2007).)  The Court ultimately agreed with the Government and at the close of trial, this Court asked Plaintiff to re-submit billing records that were directly related to Schmidt's treatment and that were related to the car collision.

Plaintiff filed a Motion to Enter Certain Billing Records on March 5, 2020.  (Dkt. # 107.)  In the motion, Plaintiff seeks to have this Court admit four billing records into evidence including: (1) P25 – Seton ER; (2) P28 – Dr. Raymond, Neurology; (3) P32 – Austin Center for Therapy & Assessment; and (4) P33 – Imaging.  (Id.)  The Government filed a partial opposition, not opposing P25 and P33, but opposing the entry of "all psychotherapy and neurology bills (P32 and

8

P28)" as Plaintiff failed "to delineate, with an expert, medical expenses incurred because of negligence as opposed to concurrent conditions." (Dkt. # 110.) Importantly, the Government points out that Plaintiff failed to call witnesses (including Dr. Raymond whose records Plaintiff seeks to admit), which is necessary under Texas law. (Id.)

The Court agrees with the Government. As noted above, Plaintiff bears the burden of showing that the injury was caused by Defendant's negligence. For the Court to admit these records without a testifying witness would be fundamentally unfair to Defendant as it would fail to give Defendant an opportunity to prove that the bills were due to a preexisting condition or something other than the injury caused by Defendant's negligence. Thus, the Court shall allow P25 and P33 to be admitted, but shall not allow the entry of P32 and P28.

CONCLUSION

In light of the foregoing, the Court shall apply the above-mentioned standard in its final order. However, cognizant of the fact that the parties obviously disagreed as to who carries the burden, the Court **HEREBY ORDERS that the parties shall file an advisory due on or before April 30, 2020**, advising the Court on whether the parties elect to present additional evidence. If the parties so elect, trial shall be continued on June 2-4, 2020, in Austin, Texas, and at close of trial, the parties shall file amended findings of fact and conclusions of law due

by July 5, 2020. If the parties choose not to present additional evidence, the parties' amended findings of fact and conclusions of law shall be due on or before May 29, 2020. Furthermore, in light of the foregoing, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. (Dkt. # 107.)

      **IT IS SO ORDERED.**

      **DATED:** Austin, Texas, March 20, 2020.

_____
David Alan Ezra
Senior United States District Judge