United States District Court
Western District of Texas
Austin Division

**Jerome Schmidt,**
    Plaintiff,

v.                                                       No. 1:18-CV-00088-DAE

**United States of America**
    Defendant.

## Objections to Schmidt's Bill of Costs

While the government does not oppose the award of costs to Schmidt as the prevailing party in this matter, the bill of costs is inflated with charges that are not recoverable under Federal Rule of Civil Procedure 54(d). Rather than teasing out the necessary costs, the plaintiff attaches an entire set of bills and totals the sums wholesale—including irrecoverable ancillary deposition and record costs, shipping, expediting fees, elaborate demonstratives, and even fees for documents that were never obtained or produced in this case. Meanwhile, he lists witness fees for which he does not provide any accounting or receipts.

Upon a careful review of the individual bills, the plaintiff is entitled to roughly half of the costs he seeks. The government's analysis is set forth below and summarized in the attached chart at Exhibit 1.

### Standards

While a prevailing party is entitled to an award of costs under Rule 54(d), not all costs are reimbursable. *Honestech, Inc. v. Sonic Solutions*, 725 F.Supp.2d 573, 585 (W.D.Tex. 2010) *citing West Wind Africa Line v. Corpus Christi Marine Services*, 834 F.2d 1232, 1236 (5th Cir. 1988). A prevailing party can recover only those costs specifically listed in 28 U.S.C. §1920. *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004). Those costs include only:

    (1) Fees of the clerk and marshal;

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title; and
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. No other costs are allowed. *Cook Children's medical Center v. New England PPO Plan of General Consolidated Management, Inc.,* 491 F.3d 266, (5th Cir. 2007).

Charges for items that are for convenience of counsel and not "necessarily obtained for use in the case" are not allowed. *Canion v. United States*, No. EP-03-CA-0347-FM, 2005 WL 2216881 at *3 (W.D. Tex. Sept. 9, 2005).

When there is an objection to a cost claimed by a prevailing party, the proponent bears the burden of proving that the requested costs fall within the ambit of §1920—i.e., that they were necessary and not just for convenience or preparation of the case. *Fogleman v. Arabian American Oil Co.*, 920 F.2d 278, 286 (5th Cir. 1991). And the party requesting costs bears the burden of furnishing a reasonable accounting detailing the basics for each request. *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir.1982).

### Objections & Authorities

The following costs that are not allowable under 28 U.S.C. §1920:

**1.     Deposition fees beyond the transcript**

Schmidt seeks reimbursement for all fees charged by its high-end court reporting firms—including parking, expediting fees, attendance fees, and multiple video copies. *See* Dkt. 126-1 at

37-58; Ex. 1. But it is well established that incidental costs associated with depositions, such as the cost of expedited delivery charges, ASCII disks, and parking, are not recoverable. *See Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-CV-00800-WCB, 2015 WL 4776501, at *4 (E.D. Tex. Aug. 13, 2015); *Harris Corp. v. Sanyo No. Am. Corp.,* 2002 WL 356755, at *3 (N.D.Tex. March 4, 2002); *Halliburton Energy Servs., Inc. v. M-I, LLC*, 244 F.R.D. 369, 371 (E.D. Tex. 2007); *Canion v. United States,* No. EP–03–CA–0347–FM, 2005 WL 2216881 at *3 (W.D.Tex.2005). The government therefore objects to the $2,971.01 in incidental deposition fees included in the plaintiff's bill of costs. *See* Ex. 1 (itemizing objections by bill).

The government further objects to the costs of the deposition of Dr. Kyle Boone because the bill is not itemized, and the exorbitant cost of $3,951.55 must necessarily include expedition and other fees not covered by the statute. *See* Dkt. 126-1 at 40; Ex. 1.

Finally, the government objects to the inclusion of costs associated with video recordings of depositions in this case. While the Fifth Circuit allows the inclusion of video depositions in some circumstances, the asserting party must prove why the video recordings were necessary in this particular case. *Stephens v. City of Austin*, 1:12-CV-659-DAE, 2015 WL 778836, at *4 (W.D. Tex. Feb. 24, 2015) (Ezra, J.); *Kristensen v. United* States, No. 1:17-cv-00126-DAE, ECF No. 133 at 17 (W.D. Tex. July 31, 2020) (R&R); *Id.*, ECF No. 134 (Ezra, J. adopting R&R). The plaintiff has not made that showing here. The plaintiff has not articulated a fear that deponents would be unavailable for trial or that this was a particularly complex case. Nor did the court cite any deposition video in its order on summary judgment or findings of fact or conclusions of law. *Sheikk–Abukar v. Fiserv Solutions*, Inc., No. Civ. A. H–09–2769, 2011 WL 5149654, at *1 (S.D. Tex. Oct.26, 2011) (denying video costs in an employment discrimination case with factual

circumstances simpler than "those presented in copyright and other complex cases" and where the court did not refer to the video deposition in ruling on the summary judgment motion).

In similar circumstances, this Court has refused to award costs for video recordings. *Kristensen*, ECF No. 133 at 17-18; *id.*, ECF No. 134. The government therefore objects to the $4,886.57 in costs associated with video recording. *Id.*; Dkt. 126-1 at *passim*; Ex. 1.

**2. Administrative fees beyond medical records**

Similarly, Schmidt includes ancillary charges for various vendors who fielded requests for medical records, including fees for electronic delivery, OCR, affidavits and written questions. But incidental costs associated with record keeping or retrieval—other than the copying costs for the records themselves—are not recoverable. *Neely v. PSEG Texas, LP*, No. MO-10-CV-030, 2012 WL 12877922, at *4 (W.D. Tex. Oct. 25, 2012) (denying similar costs for "Base Fee; Party Notification; Electronic File or Disk; OCR; Binding; Tabs; Archive; Fed Ex; Document Prep of Affidavit, Notice, Subpoena, Written Questions; Custodian Fee; Services Rendered/Subp.; Filing Fee; Delivery Fee; Out of County; Local Trip; Out of City; Cancelled Services; and Amended Notice"). The government therefore objects to the $1,600.40 in ancillary admin charges, and the $1,074.00 in affidavits and written questions, included in the plaintiff's bills for medical records.

Indeed, Schmidt seeks to recover costs for two sets of medical records that he never obtained. Schmidt was charged fees by its vendor for records that he ultimately chose not to pursue. Documents that were not obtained—and not produced—were not necessary to the case. The government specifically objects to these fees of $227. Dkt. 126-1 at 18, 23; Ex. 1.

      **3.**      **Shipping and delivery fees**

It is also well established that delivery fees are not recoverable under Rule 54(d). *See Burton v. R.J. Reynolds Tobacco Co.*, 395 F.Supp. 2d 1065, 1080 (D. Kan. 2005) (citing *Hutchings v. Kuebler,* No. 96-2487-JWL, 1999 WL 588214, at *3 (D. Kan. July 8, 1999) (costs of ASCII disks and miniscripts not be taxed); *Albertson v. IBP, Inc.*, No. 96-2110-KHV, 1997 WL 613301, at *2 (D. Kan. Oct. 1, 1977) (delivery charges are not taxable as costs); *Ortega v. IBP, Inc.*, 883 F. Supp. 558, 562 (D.Kan. 1995) (postage associated with depositions not taxable)). The government therefore objects to the $197.62 included for shipping and delivery costs for both depositions and third party document requests. *See* Dkt. 126-1 at *passim*; Ex. 1.

      **4.**      **Demonstratives**

Schmidt produced elaborate—and exceedingly expensive—demonstratives for trial that he now charges to the government. But a party may not recover costs for demonstratives for which he did not seek pre-approval from the court. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir.), cert. denied, 516 U.S. 862, 116 S.Ct. 173, 133 L.Ed.2d 113 (1995) (per curiam); *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 986 (S.D. Tex. 2011). Nor can a party recover costs that are not reasonable or necessary. *Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-CV-00800-WCB, 2015 WL 4776501, at *2–3 (E.D. Tex. Aug. 13, 2015). Because Schmidt did not seek the Court's approval to create these trial demonstratives, they are not recoverable. *Id.*

Moreover, Schmidt has not endeavored to show that the demonstrative charges were reasonable and necessary. For example, the plaintiff spent more than $2,000 on a single demonstrative called "Mechanism of Injury" that provocatively showed Schmidt's head in the crash. That kind of incendiary demonstrative was not necessary in a bench trial and should not be

reimbursed. *Kroy*, 2015 WL 4776501, at *2–3 (refusing to award demonstrative costs where plaintiff had not demonstrated the necessity of the illustrations).

To charge these demonstrative costs to the United States at this stage would be particularly unfair. Because Schmidt had prevailed on summary judgment, he was destined to be the prevailing party in the case. It cannot be that a party may incur any amount of trial illustration expense, knowing that it can later charge it to the other side because it has already technically prevailed. *Id.* (noting the unfairness of unilateral charges for approximately $780 of trial exhibits).

The government objects, then, to the $4,169.53 charged for trial demonstratives. Those charges should not be taxed to the government. *Id.*

### 5. Witness subsistence & mileage

Finally, the plaintiff seeks $5,179.45 in witness costs for subsistence and mileage. The plaintiff, however, does not include any documentation to support these expenses. The plaintiff does not, for example, provide a receipt for the $721 expended for Dr. Thoma's transportation from neighboring New Mexico or Dr. Bigler's $866.40 fare from Utah. Dkt. 126 at 3. Nor does the plaintiff explain how these fees are reasonable. Dkt. 126 at 3. Because the plaintiff has failed to provide any details at all for these expenses, the witness subsistence and mileage costs should be denied.

### Conclusion

The government, therefore, respectfully asks that Schmidt's bill of costs be reduced by the amounts specified herein and set forth in more detail in Exhibit 1.

                Respectfully submitted,

                John F. Bash
                United States Attorney

By:  */s/ James F. Gilligan*
       James F. Gilligan
       Assistant United States Attorney
       Texas Bar No. 07941200
       601 N.W. Loop 410, Suite 600
       San Antonio, Texas 78216
       (210) 384-7100 (phone)
       (210) 384-7276 (fax)
       James.gilligan@usdoj.gov

       Kristina S. Baehr
       Assistant United States Attorney
       Texas Bar No. 24080780
       903 San Jacinto, Suite 334
       Austin, Texas 78701
       (512) 916-5858 (phone)
       (512) 916-5854 (fax)
       Kristina.baehr@usdoj.gov
       Kristina S. Baehr

**Certificate of Service**

I certify that on September 25, 2020, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☒ The CM/ECF system will send notification to the following CM/ECF participant(s):

Jamal K. Alsafar (jalsaffar@nationaltriallaw.com)
Tom Jacobs (tjacobs@nationaltriallaw.com)
Henry Moore (henry@moorelegal.net)

*/s/ Kristina S. Baehr*
Kristina S. Baehr
Assistant United States Attorney