United States District Court
Western District of Texas
Austin Division

Jerome Schmidt,
    Plaintiff,

v.

United States of America
    Defendant.

No. 1:18-CV-00088-DAE

**United States' Unopposed Motion to Unseal
Findings of Fact and Conclusions of Law**

    The United States respectfully moves this Court to partially unseal its Findings of Fact and Conclusions of Law, Dkt. 125, by filing the attached redacted order. The plaintiff does not oppose and has had an opportunity to add redactions that he deems appropriate.

    "[T]he public has a common law right to inspect and copy judicial records," and there is a "presumption of public access to judicial records." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). A court has discretion to seal records after "balanc[ing] the public's common law right of access against the interests favoring nondisclosure." *Id.*; *see also* Fed. R. Civ. P. 5.2(d). Even so, "a court must use caution in exercising its discretion to place records under seal." *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 689 (5th Cir. 2010). In this district, sealed filings are disfavored, and parties are "expected to draft [their] submissions in a manner that does not disclose confidential information." Local Rule CV-5.2(b).

    The facts set forth in the Court's order are publicly available. They were disclosed at trial and in the parties' respective proposed findings of fact and conclusions of law. *See* Dkts. 1, 69, 70, 121, 122. Out of an abundance of caution, the parties have redacted direct references to the medical record exhibits that were submitted under seal. These redactions are sufficient to protect any personal privacy interests at issue in this case. *See, e.g.*, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678 (E.D. Cal. Jan. 5, 2018) (denying government's motion to seal § 1782 application because, notwithstanding "the privacy concerns at issue, the United States has not shown why the documents in this case should be

sealed instead of simply redacted"); *cf. Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 447 (5th Cir. 2019) (affirming district court order that documents not be "sealed in their entirety but instead should be redacted to protect [confidential] information").

Respectfully submitted,

John F. Bash
United States Attorney

By:   */s/ James F. Gilligan*
James F. Gilligan
Assistant United States Attorney
Texas Bar No. 07941200
601 N.W. Loop 410, Suite 600
San Antonio, Texas  78216
(210) 384-7100 (phone)
(210) 384-7276 (fax)
jim.gilligan@usdoj.gov

Kristina S. Baehr
Assistant United States Attorney
State Bar No. 24080780
U.S. Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
(512) 916-5858
(512) 916-5854 (fax)
Kristina.baehr@usdoj.gov

Attorneys for Defendant
United States of America

**Certificate of Service**

    I certify that on October 7, 2020, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☒  The CM/ECF system will send notification to the following CM/ECF participant(s):

> Jamal K. Alsafar (jalsaffar@nationaltriallaw.com)
> Tom Jacobs (tjacobs@nationaltriallaw.com)
> Henry Moore (henry@moorelegal.net)

                            */s/ James F. Gilligan*
                            James F. Gilligan
                            Assistant United States Attorney