**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **JEROME SCHMIDT,** § | |
|                **Plaintiffs,** § | |
| **v.** § | |
| § | **No. 1:18-CV-0088-DAE** |
| **UNITED STATES OF AMERICA,** § | |
|                **Defendant.** § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE DAVID EZRA
SENIOR UNITED STATES DISTRICT JUDGE:

Before the court are Plaintiff's Bill of Costs (Dkt. #126), Defendant's Objections to Schmidt's Bill of Costs (Dkt. #127), and Plaintiff's Reply in Support of Bill of Costs (Dkt. #129). After reviewing the filings, record, and the relevant case law, the undersigned issues the following Report and Recommendation to the District Court.[1]

**I.    BACKGROUND**

This case arises out of a car collision involving a federally employed driver. Plaintiff Jerome Schmidt ("Plaintiff") brought this action against the United States of America ("Defendant") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(l), 2671- 2680. Dkt. # 1. Prior to trial, the District Court determined that Defendant caused the accident. Dkt #65. A collective ten-day bench trial focused on the issue of damages. At trial, the critical inquiry was "whether and to what extent the [Defendant's] negligence caused Plaintiff's injuries." Dkt. #132 at 20. The issue was complicated by widely different interpretations of Plaintiff's pre-existing conditions and injuries directly attributable to the car accident.

---

[1] These motions were referred by Senior United States District Judge David Ezra to the undersigned for a Report and Recommendation. Dkt. #128.

1

The District Court ultimately found "that Plaintiff did not show to a reasonable degree of medical probability that Plaintiff's cognitive condition was proximately caused by the [Defendant's] negligence. . . . [h]owever, the Court [did] find that Plaintiff's [injuries] were in fact exacerbated by the accident in question." Dkt. #132 at 22. The District Court concluded that Plaintiff was entitled to a limited recovery of alleged economic damages and an additional $200,000 for pain and suffering. On August 28, 2020, the District Court entered final judgment in favor of Plaintiff. *Id.*

On September 11, 2020, Plaintiff submitted its Bill of Costs totaling $42,967.18. Dkt. #126. Defendant objected to the Bill of Costs (the "Response"), arguing (1) Plaintiff's deposition costs are inflated, (2) some of the administrative fees associated with medical records are unrecoverable, (3) shipping and delivery costs for depositions and third-party documents are unrecoverable, (4) costs associated with the production of Plaintiff's demonstrative exhibits are excessive and unrecoverable, and (5) Plaintiff has failed to make a proper showing of witness costs because he has not provided documentation of the witness's allegedly incurred subsistence and mileage. Dkt. #127. In his Reply, Plaintiff takes exception with each of Defendant's objections and provides additional documentation. Dkt. #129. Specifically, Plaintiff provides evidence regarding its witness's incurred subsistence and mileage costs. Dkt. #129.

**II.     Legal Standard**

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The Fifth Circuit has explained that "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006); *see Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)

(finding "the prevailing party is prima facie entitled to costs"). In fact, the denial of costs is considered "in the nature of a penalty," so that courts "may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Schwarz*, 767 F.2d at 131. That being said, "the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. General Revenue Corp.*, 568 U.S 371, 377 (2013). Notably, the court may only tax as "costs" those expenses listed in 28 U.S.C. § 1920, including:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under [28 U.S.C. § 1923];

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920.

The party who seeks to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred. *See Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991). However, if the party being taxed with costs has not specifically objected, there is a presumption that the costs being sought were necessarily incurred for use in the case. *Faludi v. U.S. Shale Sols., LLC*, No. CV H-16-3467, 2020 WL 2042322, at *2 (S.D. Tex. Apr. 28, 2020) (citing *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997)).

**III.   Analysis**

Plaintiff, the unequivocal prevailing party, seeks $42,967.18 in total costs. Dkt. #126. In its Response, Defendant argues this amount should be reduced by $24,030.13.[2] Dkt. #127. Some, but not all, of Defendant's objections are depicted and itemized in an attached spreadsheet entitled "Itemized Objections" ("Exhibit 1").[3] Dkt. #127-1. While Exhibit 1 is helpful, it does not track with specificity the five discrete categories of objections described in Defendant's Response. Additionally, Defendant does not always compare its objections to the sums set out in Plaintiff's Bill of Costs. These shortcomings present the court with the difficult challenge of marrying Defendant's objections with the costs submitted by Plaintiff. Nonetheless, the court will address Defendant's objections within the five categories described in its Response.

**A.   Deposition Costs**

Defendant objects to a variety of costs associated with depositions, totaling $11,809.13. Defendant categorizes these objections into three buckets.

*1.   Incidental Deposition Costs*

Defendant objects to a total of $2,971.01 in charges characterized as "incidental" costs associated with depositions. Dkt. #127 at 3. These incidental costs include parking reimbursement, expediting fees, attendance fees, video copies, and expedited delivery charges. In Reply, Plaintiff cites no cases supporting its sought recovery but instead submits the affidavit of Sean Hanko ("Hanko"), President of Res Ipsa, a court reporting and videography firm. Dkt. #129-1. Hanko testifies that these incidental costs were "reasonable and necessary." *Id*. at 1. However, Defendant

---

[2] The total amount Defendant objects to is reached by adding the following amounts described in its Response: $2,971.01 (incidental deposition costs); $3,951.55 (Boone Depo); $4,886.57 (Video Depos); $2,674.40 (medical records); $197.62 (shipping and delivery fees); $4,169.53 (third-party costs); $5,179.45 (witness costs). Dkt. #127.

[3] For instance, Defendant's objections to witness subsistence and mileage are not listed on Exhibit 1. However, Exhibit 1 does list items that Defendant does not object to, such as trial exhibits (line 3) and trial transcripts (lines 59, 60 and 61). Dkt. #127-1.

4

did not argue these costs were unreasonable or unnecessary, but rather that "it is well established that incidental costs associated with depositions" are not recoverable. Dkt. #127 at 3. Seemingly in response to this assertion, Hanko notes that his firm has provided similar deposition and video services on behalf of Defendant in other cases and "charged" it for such fees.

The issue is not whether law firms or defendants are "charged" deposition fees in preparation for trial. Instead, the issue is whether a prevailing party may include incidental deposition fees in a bill of costs for reimbursement pursuant to 28 U.S.C. § 1920. Incidental expenses related to depositions are generally not recoverable. *See Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-CV-00800-WCB, 2015 WL 4776501, at *4 (E.D. Tex. Aug. 13, 2015) ("incidental expenses related to taking the depositions, such as the costs of parking, expedited delivery, and postage, are generally not recoverable."); *see also Clark v. Williamson County*, No. 1:10-CV-869 2013 WL 5556024 (W.D. Tex. 2013); *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 687 (E.D. Tex. 2007). Moreover, Plaintiff has failed to justify the imposition of these incidental deposition costs. For these reasons, it is recommended that Defendant's objection to $2,971.01 in incurred incidental deposition expenses be **GRANTED**.[4]

### 2. Dr. Kyle Boone Deposition

Defendant next objects to the $3,951.55 deposition cost of Dr. Kyle Boone because it is not itemized and because, based on its size, it "must necessarily include expedition and other fees not covered by statute." Dkt. #127 at 3. Plaintiff replies that an itemized invoice in support of a deposition request is not required. Nonetheless, Plaintiff submitted an invoice that itemizes the individual expenses associated with the $3,951.55 request. Dkt. #129-2. That invoice includes

---

[4] Try as it might, this court could not reconstruct how Defendant arrived at its asserted $2,971.01 figure. Dkt. #127-1. It is ironic that Defendant complains of Plaintiff's failure to provide sufficient supporting documentation in several instances given Defendant provides a gross figure without detailing how it arrived at that number. Nonetheless, Plaintiff has not objected to how Defendant calculated its $2,971.01 figure.

$1,174.80 in expenses for a "3 day expedite," $351.45 related to "rough note/live note," a $82.35 color copy expense, a processing and handling charge of $40.00, and a delivery charge of $84.00. Plaintiff defends the need for an expedited deposition transcript by arguing it "only had 14 days from the date of the deposition to file his *Daubert* motion." Dkt. #129 at 5; Dkt. #15 at 2 (Scheduling Order). The court agrees that given this short deadline an expedited transcript was necessary in order to prepare an appropriate and timely *Daubert* motion. In fact, Plaintiff did file a *Daubert* motion. Dkt. #24. On the other hand, Plaintiff has not described the need for the rough note/live note service. Similarly, the color copy, processing, and delivery charges are incidental and inadequately justified. Consequently, the $3,951.55 costs associated with Dr. Boone's deposition should be reduced by $557.80 resulting in a reimbursable cost of $3,393.75. Thus, the undersigned recommends that Defendant's objection to the cost of Dr. Boone's deposition be **GRANTED in part and DENIED in part**.[5]

### 3. *Video Recording of Depositions*

Defendant objects to the inclusion of costs associated with video recordings of depositions. Specifically, Defendant contends that Plaintiff has failed to establish why the video depositions were necessary. Consequently, Defendant objects to $4,886.57 in costs associated with video depositions. The parties agree that video deposition costs are reimbursable so long as the submitting party provides sufficient justification to establish the recordings necessity.

"Although video deposition costs are recoverable costs, *see* 28 U.S.C. § 1920(2), the prevailing party bears the burden of showing that the video costs were reasonably necessary." *Stephens v. City of Austin*, No. 1:12-CV-659-DAE, 2015 WL 778836, at *4 (W.D. Tex. Feb. 24,

---

[5] The court cannot determine whether the $557.80 in costs related to the Boone deposition are already included in the earlier sustained objection to $2,971.01 in incidental deposition costs. Based on the parties filings and attached evidence, the undersigned treats them separately.

2015) (Ezra, J). "A majority of courts consider video costs reasonably necessary in complex cases where deponents may be unavailable for testimony at trial or where the parties anticipate needing to use the video testimony at trial for other reasons." *Id.*; *see, e.g., Fatava v. Nat'l Oilwell Varco, LP*, No. 2:12–CV–82, 2014 WL 5822781, at *2 (S.D. Tex. Nov. 10, 2014) (permitting video costs where it was unclear, at the time of depositions, if the plaintiffs would be available to attend trial and where significant portions of video footage were used at trial); *Allstate Ins. Co. v. Plambeck*, No. 3:08–CV–388–M, 2014 WL 2980265, at *8 (N.D. Tex. July 2, 2014) (permitting video costs where the deponent was charged with theft at the time of the deposition and counsel reasonably anticipated that she would not be able to appear at trial). "However, where cases are not particularly complex and the [deponent] would have been available for trial testimony, the majority of courts find that video costs are unwarranted." *Stephens*, 2015 WL 778836, at *4; *see also Sheikk–Abukar v. Fiserv Solutions, Inc.*, No. Civ. A. H–09–2769, 2011 WL 5149654, at *1 (S.D. Tex. Oct.26, 2011) (denying video costs in an employment discrimination case with factual circumstances simpler than "those presented in copyright and other complex cases" and where the court did not refer to the video deposition in ruling on the summary judgment motion); *Lear Siegler Servs. v. Ensil Int'l Corp.*, No. SA–05–CV–679–XR, 2010 WL 2595185, at *2 (W.D. Tex. June 23, 2010) (denying video costs where the video was for convenience rather than necessity).

Rather than object to the costs associated with individual video depositions, Defendant's objection instead centers on Plaintiff's failure to establish the necessity of any of the video depositions listed on Exhibit 1. Defendant argues that Plaintiff's bill of costs failed to articulate any belief that deponents would be unavailable for trial, that the case was complex, or that the court cited a deposition video in its order on summary judgment or findings of fact and conclusions of law. Dkt. #127 at 3.

In his Reply, Plaintiff sets forth the reasons he believes the video depositions were necessary. Dkt. #129 at 2-4. Plaintiff's justification included: (1) Plaintiff used video recordings to impeach multiple government witnesses throughout the trial; (2) Plaintiff played video deposition excerpts of the fact witnesses to the experts opining on issues related to the case; (3) Plaintiff played video excerpts from Defendant's experts to Plaintiff's experts for substantive testimony; (4) Defendant's witnesses provided inconsistent testimony and Plaintiff confronted them with their video depositions multiple times; and (5) the physical presence of many potential witnesses at trial was uncertain due to their age, serious medical conditions, and military service. *Id.* Hanko's affidavit provides additional justification for the video depositions in this case. *See* Dkt. #129-1. Defendant did not reply to Plaintiff's proffered justifications.[6]

Because Defendant only generally objects to the video depositions, the court is again required to turn to Exhibit 1 to glean exactly which video depositions Defendants dispute. According to Column I of Exhibit 1, Defendant is objecting to the video depositions of Jerome Schmidt, Edward Saylor, Richard Watson, Christopher Loftus, Kyle Boone, Michael Freeman, and Julio Chalela. *See* Dkt. #127-1. Of these individuals, Plaintiff notes that the video depositions of Jerome Schmidt, Richard Watson, Julio Chalela, and Christopher Lotus were used at trial. Dkt. #108 (Plaintiff's Deposition Clips).

In light of the foregoing, Plaintiff has demonstrated that the video depositions of Jerome Schmidt, Richard Watson, Julio Chalela, and Christopher Lotus were reasonably necessary and, therefore, their respective costs are recoverable. The court also finds that the video deposition of Dr. Kyle Boone, Defendant's expert, was necessary given the issues resolved at trial. While Defendant accurately notes that the District Court's findings of fact and conclusions of law does

---

[6] The court notes that local rules permit a party to file a sur-reply in response to an opposing party's reply. *See* Loc. R. CV-7(b). Critically, Defendant failed to take advantage of this opportunity.

not cite to a specific video, the District Court's findings and conclusions is permeated with references to the testimony of experts.

This leaves the court with the video deposition costs associated with Edward R. Saylor and Michael Freeman. Plaintiff has failed to articulate whether the Saylor and Freeman video depositions were used for the impeachment of others, used to impeach themselves, played for experts, or were created because these two individuals were predicted to be unavailable for trial. Consequently, Plaintiff has failed to meet his burden of proof regarding the recovery of Saylor's and Freeman's video depositions. Per the evidence in the record, costs associated with the Saylor video amounts to $409.49 and costs associated with the Freeman video amounts to $400.00.

Accordingly, it is recommended that Defendant's objection to costs associated with video depositions be **GRANTED in part and DENIED in part**. It is recommended that Plaintiff's bill of costs be reduced by $809.49 in relation to the Saylor and Freeman video depositions.

### B. Administrative Fees Associated with Medical Records

Defendant objects to the inclusion of ancillary charges for various vendors who fielded requests for medical records, including fees for electronic delivery, OCR, affidavits, and written questions. Dkt. #127 at 4. Specifically, Defendant objects to $1,600.40 in ancillary administrative charges and $1,074.00 in charges related to affidavits and written questions. *See* Dkt. #127-1.[7] It further argues incidental costs associated with record keeping or retrieval – other than the copying costs for the records themselves – are not recoverable. *Neely v. PSEG Texas, LP*, No. MO-10-CV-030, 2012 WL 12877922, at *4 (W.D. Tex. Oct. 25, 2012).

Plaintiff responds that medical records come within the purview of 28 U.S.C. § 1920(3) and (4). Plaintiff contends that Defendant misconstrues *Neely v. PSEG Texas*, the only case it cites.

---

[7] An itemized list of these charges is depicted in Columns P and N, respectively.

Plaintiff argues that *Neely* only stands for the proposition that the prevailing party must show how the costs were necessary at trial.

As Plaintiff notes, the medical and billing records obtained by Plaintiff were used by both parties throughout the trial. As Judge Ezra's final judgment makes clear, the focus of the bench trial was on medical issues. Plaintiff has made a sufficient showing that the medical records obtained were necessary in this case. With one exception, Defendant has not attacked the relevance, necessity, or reasonableness of the individual medical records. Instead, Defendant has lodged a general objection that third-party administrative fees, postage, and shipping charges are unrecoverable by the prevailing party. However, Defendant has not cited a single persuasive case for this position. Moreover, sections 1920(3) and (4) both refer to the potential reimbursement of "fees."

The one exception cited above is Defendant's assertion that two sets of records, totaling $227.00, were clearly unnecessary because Plaintiff never actually obtained nor produced these records to Defendant. *See* Dkt. #127 at 4; *see also* Dkt. #126-1 at 18, 23. Plaintiff failed to offer an explanation to this specific objection in its reply. Consequently, Defendant's objection to costs associated with these two records should be sustained.

In summary, it is recommended that Defendant's objection to administrative fees associated with the production of medical records be largely **DENIED**. That is, it is recommended that Defendant's objection to $1,600.40 in ancillary administrative charges and $1,074.00 in affidavits and written questions expenses be **DENIED.** It is further recommended that Defendant's objection to submissions 18 and 23 within Dkt. #126-1, totaling $227, be **GRANTED.**

Thus, it is recommended that Defendant's objection to medical record fees be **GRANTED in part and DENIED in part**.

### C.        Shipping and Delivery Costs for Depositions and Third-Party Documents

Contending that it is "well-established that delivery fees are not recoverable," Defendant objects to a total of $197.62 in shipping and delivery costs. Dkt. #127 at 5. Rather than cite a single Fifth Circuit opinion to support this assertion, Defendant instead cites four unpublished district court orders from the District of Kansas. *Id.* In his reply, Plaintiff cites *Finchum v. Ford Motor Co.*, 57 3d. 526, 534 (7th Cir. 1995) for the proposition that the courts have the discretion to award shipping and delivery costs if those costs are reasonable. While the parties cite cases for their respective positions, neither cites a case from the Fifth Circuit.

In support, Defendant again asks the court to review Exhibit 1 to its response, but neglects to advise the court which of the three pages of cost objections relate to the $197.62 amount. It appears that the $197.62 amount is obtained by the total listed in Column L. That column is entitled "postage and shipping" and totals $197.65 rather than $197.62. *See* Dkt. #127-1. The total is apparently a function of the postage and shipping charges associated with four depositions. The court assumes these postage and shipping costs are subsumed within Defendant's earlier objection to incidental deposition cost – an objection the undersigned recommended be sustained in its favor.

The combination of a failure to direct the court to an accurate column, a column title that fails to track the title of the objection within its response, the inability to arrive at a single accurate figure, and the likelihood that all or some of the objectional amounts have already been ruled upon, render Defendant's objection not only confusing, but improper. Even if the objection were construed as proper, the likelihood that Defendant has already obtained the relief sough renders it moot. Because Defendant has not levied a coherent objection, it is recommended that its objection to $197.62 in shipping and delivery costs be **DENIED**.

### D. Demonstrative Exhibit Expenses

Defendant objects to costs associated with the production of demonstrative trial exhibits totaling $4,169.53, arguing these costs require prior court approval and must be reasonable or necessary. Dkt. #127 at 5-6; *see* Dkt. #127-1. Plaintiff concedes that "certain trial evidence requires pretrial approval," yet makes no contention that it sought preapproval from the District Court before creating and introducing the underlying demonstrative exhibits. *See* Dkt. #129 at 7.[8] Defendant is correct that Plaintiff was required to obtain prior court approval for costs associated with the production of demonstrative exhibits. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995) ("Absent prior approval of the exhibits . . . a party may not later request taxation of the production costs" of trial exhibits); *see also Fast Memory Erase, LLC v. Spansion, Inc.,* No. 3–10–CV–0481–M–BD, 2010 WL 5093945, at *6 (N.D. Tex. Nov. 10, 2010) ("In the Fifth Circuit, expenses for the production of various types of non-testimonial evidence – as photographs, maps, charts, graphs, and other demonstrative aids – are taxable as costs provided the prevailing party obtained court approval before incurring the expense."); *Taylor v. Seton Healthcare,* No. A–10–CV–650 AWA, 2012 WL 2396876, at *4 (W.D. Tex. June 22, 2012) ("[Defendant] did not seek pretrial approval of these exhibits. Accordingly, the Court finds these costs should not be taxed."). Because Plaintiff fails to allege he sought or obtained such approval, these costs should be denied.

Moreover, Plaintiff failed to offer any support or justification for these expense. Given the fact that Plaintiff prevailed at summary judgment as to liability and tried the case to the bench, the need for demonstrative exhibits totaling $4,169.53 was unnecessary. Dkt. #126-1 at 35; Dkt. #127-

---

[8] Instead, Plaintiff defends $2,985.02 in costs associated with copying trial exhibits. Dkt. #129 at 7-8. These costs are listed as items on Exhibit 1, line 3. Dkt. #127-1. However, Defendant did not object to these costs. *See* Dkt. #127; *see also* Dkt. #127-1.

1. The demonstrative exhibits produced could have been reduced to simple and cost-effective pdf's, Word documents, or other digital media. Similarly, the production of elaborate timelines in the context of a bench trial is unreasonable and unnecessary. Dkt. #126-1 at 36; Dkt. #127-1. Given Plaintiff's failure to seek prior court approval for the costs of production of the demonstrative exhibits and failure to justify their need, reimbursement of costs associated with these demonstrative exhibits is inappropriate and unreasonable.

Accordingly, the undersigned recommends that Defendant's objections to costs associated with the production of demonstrative exhibits be **GRANTED**. Thus, Plaintiff's bill of costs recovery should be reduced by $4,169.53.

### E.     Witness Subsistence and Mileage

Finally, Defendant objects to $5,179.45 in witness costs for witness subsistence and mileage. Dkt. #127 at 6. Defendant's objection is based solely on Plaintiff's failure to provide supporting documentation. *Id.* Plaintiff's reply includes documentation to support the subsistence and mileage for the witnesses listed on the bill of costs. Dkt. #129 at 9-10.

Witness subsistence and mileage fall under 28 U.S.C. § 1920(3), which allows "fees and disbursements for . . . witnesses." Plaintiff submitted documentary support for the requested subsistence and mileage costs on October 2, 2020. To date, Defendant has not objected, or responded to, Plaintiff's documentary support.[9] Defendant's failure to do so is tantamount to a waiver of its objection to witness subsistence and mileage costs. The court has nonetheless reviewed the documentary evidence provided by Plaintiff and finds sufficient support for the witnesses' subsistence and mileage costs.

---

[9] As noted above, Defendant could have sought leave to file a sur-reply for the purpose of responding to Plaintiff's newly proffered documentary evidence.

Therefore, it is recommended that Defendant's objection to witness costs for subsistence and mileage be **DENIED**.

### IV.  Conclusion

Per his Bill of Costs, Plaintiff seeks $42,967.18 in total costs. Dkt. #126. Defendant's objections to the bill of costs total $24,030.13. The undersigned recommends granting Defendant's objections to the following amounts:  (1) $2,971.01 in incidental costs associated with depositions, (2) $557.80 in costs associated with Dr. Boone's deposition, (3) $809.49 in costs associated with the Saylor and Freeman video depositions, (4) $227.00 in costs associated with medical records, and (5) $4,169.53 in costs related to the production of demonstrative exhibits. These objections to the bill of costs total $8,734.30. The undersigned recommends dismissing Defendant's remaining objections. After reducing Plaintiff's sought bill of costs amount ($42,967.18) from Defendant's meritorious objection amount ($8,734.83), the undersigned recommends reducing Plaintiff's sought costs to $34,232.35.

### V.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT in part and DENY in part** Defendant's Objections to Schmidt's Bill of Costs (Dkt. #127) and award Plaintiff $34,232.35 in costs. Dkt. #126.

### VI.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED January 12, 2021.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE